T.C. Memo. 1998-422


UNITED STATES TAX COURT


ERNEST NEWTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22926-96.               Filed November 24, 1998.


Ernest Newton, pro se.

<u>Carmino J. Santaniello</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following
deficiencies in, additions to, and penalties on petitioner's
Federal income taxes:

| Year | Deficiency | Additions to Tax | | | Penalty |
| | | <u>Sec. 6651(a)(1)</u> | <u>Sec. 6651(f)</u> | <u>Sec. 6654</u> | <u>Sec. 6663</u> |
|------|------------|------------------|-----------------|-----------|-----------|
| 1991 | $80,822.57 | -- | $60,616.92 | $64.36 | -- |
| 1992 | 76,176.58 | $7,617.66 | -- | -- | $57,132.43 |
| 1993 | 53,683.19 | 13,420.80 | -- | -- | 40,262.39 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

On October 21, 1996, petitioner invoked the jurisdiction of this Court by timely filing a petition.  At the time he filed the petition, petitioner resided in New Haven, Connecticut.

On December 23, 1996, respondent timely filed an answer to the petition denying that respondent erred with respect to the determinations set forth in the deficiency notice.  Respondent's answer includes specific allegations in support of the determination that petitioner is liable for an addition to tax for fraudulent failure to file for 1991 and for the fraud penalty for 1992 and 1993.

Petitioner failed to file a reply denying the allegations contained in respondent's answer.  Thus, on March 20, 1997, respondent filed a motion under Rule 37(c) to have the undenied allegations of fact deemed admitted.  By notice of filing dated March 20, 1997, petitioner was notified of the filing of respondent's Rule 37(c) motion.  Petitioner failed to file a reply to respondent's answer pursuant to the Court's notice of filing.  On April 17, 1997, we granted respondent's motion.

Respondent's answer reads, in pertinent part, as follows:

> 6.  FURTHER ANSWERING the petition, and in support of the respondent's determination that a part of the

underpayments of tax required to be shown on the petitioner's income tax returns for the taxable years 1991, 1992 and 1993 is due to fraud, the respondent alleges:

a. The petitioner has not filed a return for the 1991 taxable year.

b. The petitioner filed his 1992 and 1993 returns on September 17, 1993 and October 14, 1994, respectively.

c. During the 1991, 1992 and 1993 taxable years, petitioner was the sole proprietor of a bar in New Haven, Connecticut known as "Newt's Cafe".

* * * * * * *

f. For the 1991 taxable year, the respondent determined that the petitioner * * * [had gross receipts] totalling $365,464.00 in the aggregate. * * *

g. For the 1992 taxable year, the respondent determined that the petitioner * * * [had gross receipts] totalling $359,427.00 in the aggregate. * * *

h. For the 1993 taxable year, the respondent determined that the petitioner * * * [had gross receipts] totalling $294,026.00 in the aggregate. * * *

i. Since the petitioner did not file a return for 1991, he did not report any gross receipts for Newt's Cafe for 1991. For the 1992 and 1993 taxable years, the petitioner reported gross receipts in the amounts of $91,396.03 and $136,549.75, respectively, for Newt's Cafe. Thus, the petitioner understated his gross receipts from Newt's Cafe by $365,464.00, $268,031.00 and $157,476.00, for the 1991, 1992 and 1993 taxable years, respectively.

* * * * * * *

l. During the 1992 and 1993 taxable years, the petitioner received pension and IRA distributions in the amounts of $10,924.00 and $14,500.00, respectively,

from Frank Perrotti and Sons, Inc. and Peoples Bank, respectively, which were not reported on his returns.

m. The petitioner failed to file an income tax return for the 1991 taxable year, even though he had substantial income which required him to file a return.

n. The petitioner failed to accurately report his income, when he filed his income tax returns for the 1992 and 1993 taxable years.

o. The petitioner's failure to file his 1991 [return] and to report gross income in the amount of $365,464.00 and taxes due in the amount of $80,822.57 were fraudulent with the intent to evade taxes.

p. The petitioner's failure to report gross income in the amounts of $268,031.00 and $157,467.00 for the 1992 and 1993 taxable years, respectively, was fraudulent with the intent to evade taxes.

[q]. The petitioner's understatement of his federal tax liabilities in the amounts of $76,176.58 and $53,683.19 for the 1992 and 1993 taxable years, respectively, was fraudulent with the intent to evade taxes.

[r]. A part of the underpayment of tax required to be shown on the petitioner's federal income tax returns for each of the taxable years 1991, 1992 and 1993 is due to fraud with the intent to evade taxes.

On January 2, 1998, respondent filed a request for admissions with the Court, a copy of which respondent had served on petitioner on December 30, 1997. Petitioner did not file any response to the request for admissions. As a result, each matter set forth therein is deemed admitted.[1] Rule 90(c); <u>Marshall v. Commissioner</u>, 85 T.C. 267, 272 (1985).

---

[1] The request for admissions reiterates many of the facts alleged in the answer that were deemed admitted.

Petitioner did not comply with the Court's Standing Pretrial Order and did not cooperate with respondent in preparing this case for trial and/or attempting to settle it. Consequently, none of the facts have been stipulated.

At the trial of this case, the following colloquy took place between petitioner and the Court:

THE COURT: Mr. Newton, do you have any evidence?

MR. NEWTON: No, I don't.

THE COURT: You don't have any evidence to present.

MR. NEWTON: No.

Petitioner failed to present any evidence at trial.

The Court, in an Order to Show Cause dated May 15, 1998, stated the following:

>    ORDERED that, on or before June 1, 1998, petitioner shall serve on respondent and file with the Court a written offer of proof setting forth in detail any and all testimony and documents that he would offer in evidence in the event that further trial of this case were held, and petitioner shall serve on respondent and file with the Court his opening brief setting forth his legal arguments in this case. It is further

>    ORDERED that, in his offer of proof and opening brief hereinabove ordered, petitioner shall show cause in writing why a decision on all or some of the issues in this case should not be entered against him or some lesser sanction imposed, pursuant to Rules 123(a) and (b) and 149(b), Tax Court Rules of Practice and Procedure, by reason of his failure to comply with the Rules and Orders of the Court or to proceed as required by the Court during trial, or otherwise properly to prosecute this case. See generally <u>Kadin Corp. v. United States</u>, 782 F.2d 175, 176 (Fed. Cir. 1986); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424-1425 (9th Cir.

1986); <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1446 (10th Cir. 1984). Said showing shall take into account each and all of the following aspects of petitioner's conduct in this case:

1. Failure to produce for stipulation, in accordance with Rule 91(b), documentary and written evidence that petitioner intended to introduce at trial;

2. Failure to comply with the Court's Standing Pre-Trial Order served October 16, 1997;

3. Refusal to present evidence at trial of specific business transactions engaged in by him during the years in issue;

4. Failure to file a reply to affirmative allegations in the answer, in accordance with Rule 37.

5. Failure to file a response to respondent's requests for admission, in accordance with Rule 90.

Petitioner did not file a response to the Court's Order to Show Cause dated May 15, 1998, nor did he file a brief in this case. The Court, in an Order dated September 28, 1998, stated the following:

ORDERED that the Court's Order to Show Cause, dated May 15, 1998, is hereby made absolute and this case remains submitted to the undersigned based on the transcript of the proceedings of March 16 and 17, 1998, and no further evidence will be received and no further briefs will be accepted.

<u>Discussion</u>

Rule 123(a) provides that if any party fails to plead or otherwise proceed as provided by the Rules or as required by the Court, that party may be held in default on the motion of the other party or on the initiative of the Court. See <u>Smith v.</u>

Commissioner, 91 T.C. 1049, 1056 (1988), affd. 926 F.2d 1470 (6th Cir. 1991). The action or nonaction on the part of a taxpayer that constitutes sufficient grounds to apply Rule 123(a) in proceedings before us is a matter within this Court's discretion. Id.

Petitioner's failure to proceed with prosecution of his case, despite the Court's warning in its notice setting this case for trial, its pretrial order, and the Order to Show Cause dated May 15, 1998, constitutes sufficient grounds for the entry of a default judgment against him. Accordingly, we shall sustain respondent's determinations as to the deficiencies and the additions to tax pursuant to sections 6651(a)(1) and 6654 on the ground that petitioner either defaulted or simply failed to carry his burden of proof.[2] See, e.g., Smith v. Commissioner, supra at 1052.

Respondent also determined that petitioner is liable for an addition to tax for fraudulent failure to file for 1991 and the fraud penalty for 1992 and 1993. Entry of a default decision as to the addition to tax for fraud and the fraud penalty is appropriate if the pleadings set forth sufficient facts which

_____

[2] We note that, among other things, respondent determined the following: (1) Petitioner is entitled to $97,710.12 for cost of goods sold in 1991; (2) petitioner is entitled to an additional $19,881.06 and $1,041.16 for cost of goods sold in 1992 and 1993, respectively; and (3) petitioner is entitled to deduct $11,700, $22,360, and $22,360 for subcontract and employee expenses in 1991, 1992, and 1993, respectively.

clearly and convincingly support such a decision. Id. at 1058-1059.

The facts alleged in the answer, deemed admitted, together with the facts alleged in the request for admissions, deemed admitted, constitute clear and convincing evidence that petitioner fraudulently underpaid his taxes for the years in issue. Prominent among the matters contained in the answer are petitioner's admissions that: (1) Petitioner understated taxable income in the amounts of $365,464 for 1991, $268,031 for 1992, and $157,476 for 1993; (2) the deficiency for each of the years in issue is due to fraud with intent to evade taxes; (3) petitioner did not file a return for 1991; and (4) his failure to file a return for 1991 was fraudulent with the intent to evade taxes.

The pleaded facts clearly and convincingly establish that petitioner fraudulently failed to file a return for 1991 and fraudulently underpaid his income taxes for the years in issue. Thus, we are satisfied that the addition to tax for fraudulent failure to file and the fraud penalty for the years in issue should be sustained by the entry of a default judgment against petitioner pursuant to Rule 123(a).

Finally, we consider whether petitioner has engaged in behavior that warrants imposition of a penalty pursuant to section 6673. Section 6673(a)(1) authorizes the Tax Court to

require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

A taxpayer's failure to provide the Commissioner with information requested and his failure to offer evidence at trial pertaining to the substantive issues raised in the notice of deficiency are evidence that a suit in this Court was instituted primarily for delay. <u>Stamos v. Commissioner</u>, 95 T.C. 624, 638 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992). The circumstances here suggest that petitioner may have instituted and maintained this proceeding primarily for purposes of delay; however, we shall not now impose a penalty under section 6673(a)(1). Nonetheless, we take this opportunity to admonish petitioner that the Court shall strongly consider imposing such a penalty if he returns to the Court and proceeds in a similar fashion in the future.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.