T.C. Memo. 2004-60

UNITED STATES TAX COURT

EDWARD D. TONITIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14225-01.          Filed March 10, 2004.

<u>William Randolph Klein</u>, for petitioner.

<u>Lorianne D. Masano</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies and additions to tax as follows:

| | | Additions to Tax, I.R.C. | |
|------|------------|------------|------------|
| Year | Deficiency | Sec. 6651(f) | Sec. 6654 |
| 1996 | $9,058 | $5,844.75 | -- |
| 1997 | 13,485 | 10,053.75 | $716.70 |
| 1998 | 20,731 | 14,001.75 | 843.80 |
| 1999 | 5,844 | 4,287.75 | 275.97 |

After concessions, the issue for decision is whether petitioner's failure to file tax returns was due to fraud. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Sarasota, Florida, at the time that he filed his petition in this case. The petition was filed by petitioner, pro se, and set forth various frivolous tax protester arguments. It was followed by frivolous motions. After the case was set for trial, petitioner employed counsel and filed delinquent Federal income tax returns for the years in issue. Petitioner, through counsel, also entered into a Stipulation of Settlement in which the parties agreed to reduced deficiencies and additions to tax under section 6654.

In the answer to the petition, respondent alleged various facts in support of the determination that petitioner's failure to file tax returns and underpayment of tax for the years in issue was due to fraud. Petitioner failed to file a reply notwithstanding a motion by respondent under Rule 37(c), and the matters set forth in respondent's answer are deemed admitted for purposes of this case. Respondent then filed a motion for summary judgment, which was set for hearing at the time of trial. Petitioner was permitted to testify with respect to the claim of

fraud and was, at his counsel's request, provided an opportunity to file a brief. He failed to file a brief. The facts set forth below are based on the matters deemed admitted and petitioner's testimony at trial.

Petitioner received a degree in finance in 1994 from the University of South Florida. After receiving his degree, he worked as a loan officer or mortgage banker at various companies. Eventually, he started his own mortgage brokerage business known as Colonial Mortgage Corp.

Prior to 1996, petitioner filed individual Federal income tax returns prepared by a certified public accountant. In 1995, petitioner purchased two Unincorporated Business Trust Organizations (UBTOs) from abusive trust promoter Joseph Nelson Sweet. The two UBTOs never filed income tax returns.

Petitioner did not maintain a personal checking account during the years in issue. He deposited his personal income into a bank account opened in the name of one of the UBTOs. Petitioner was the sole signatory on the bank account.

During the years in issue, petitioner received unreported income as follows:

|                     | 1996        | 1997        | 1998        | 1999      |
|---------------------|-------------|-------------|-------------|-----------|
| Wages               | $16,665.00  | $66,697.00  | $60,904.00  | $35,398   |
| Nonemployee income  | 22,274.10   | 6,830.47    | 15,468.88   | --        |
| Dividends           | 253.00      | 1.00        | 2.00        | --        |
| "Funder" fee        | 2,931.00    | --          | --          | --        |
| Rents               | --          | --          | 2,400.00    | --        |
| S corp. income      | --          | --          | 16,867.00   | 10,349    |

Petitioner received multiple Forms W-2, Wage and Tax Statement, and Forms 1099 from various payers for the years in issue.

Petitioner failed to maintain, or to submit to the Internal Revenue Service (IRS) for examination, complete and adequate books and accounts of his income-producing activities for each of the years in issue as required by the applicable provisions of the Internal Revenue Code and the regulations promulgated thereunder. When the IRS requested the records and thereafter issued a summons for them, petitioner sent letters containing frivolous tax-avoidance arguments and filed a motion in a Florida State court to quash the summons.

In the absence of adequate records, the IRS computed petitioner's taxable income for the years in issue by reference to bank deposits, information returns, and information obtained from third-party contacts.

Petitioner was the 100-percent shareholder of Colonial Mortgage Corp. for 1998 and 1999. Colonial Mortgage Corp. was formed on November 18, 1998, and made an S election on February 1, 1999, effective November 18, 1998. Colonial Mortgage Corp. filed corporate income tax returns and the related

Schedules K-1, Shareholder's Share of Income, Credits, Deductions, etc., for 1998 and 1999.

Petitioner's failure to report the various items of income that he received during the years in issue, his use of sham trusts to conceal income, his failure to cooperate in determining his tax liability, his submission of correspondence to the IRS espousing frivolous tax-avoidance arguments, and his 4-year pattern of failing to file Federal income tax returns were all done with the intent to evade tax.

## Discussion

Petitioner never moved to set aside the matters deemed admitted as a result of his failure to file a reply even when reminded to do so under Rule 37. He has not contradicted in any way the material facts set forth in the answer, upon which respondent relies in support of the determination that petitioner's failure to file was due to fraud. He did not file an affidavit in opposition to the motion for summary judgment. However, petitioner was permitted to testify. See Rule 121(b), (d). He denied that he intended to defraud the United States and testified:

> I relied on the advice of David Simmons, Joseph Sweet,
> David Swanson, amongst others, that, you know, as far
> as not filing was okay. I've seen what they've done,
> you know, over the years for the last seven, eight
> years, promoting and telling people not to do this, and
> they're out there doing it.

Petitioner did not provide any information about the professional qualifications of the named individuals.

Section 6651(f) provides a penalty of 75 percent of the amount required to be shown as tax on unfiled returns if the failure to file the returns is fraudulent. Under section 6651(f), as in any other case involving the issue of fraud with intent to evade tax, the burden of proof with respect to that issue is on the Commissioner, and that burden of proof is to be carried by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 646-653 (1994). Badges of fraud, such as a pattern of unreported income, failing to file returns, concealment of assets by purporting to convey them to a trust, failure to maintain or produce records or otherwise cooperate with the IRS, and submission of frivolous arguments may be established as matters deemed admitted. See, e.g., Doncaster v. Commissioner, 77 T.C. 334 (1981); Houser v. Commissioner, T.C. Memo. 2000-111; Newton v. Commissioner, T.C. Memo. 1998-422; Campbell v. Commissioner, T.C. Memo. 1997-415; Collins v. Commissioner, T.C. Memo. 1997-291; Devlin v. Commissioner, T.C. Memo. 1997-256.

Even if we were to disregard the conclusory allegations of fraudulent intent to which petitioner admitted by failing to file a reply, the undisputed facts would constitute clear and convincing evidence of fraud in this case. We have considered

petitioner's testimony and his denial of fraudulent intent. Petitioner acknowledged that he continued failing to file tax returns until the eve of trial of this case. The thrust of his testimony is that petitioner and others pursued their course of tax protest as long as they could get away with it. See Niedringhaus v. Commissioner, 99 T.C. 202, 218-219 (1992).

On consideration of the facts deemed admitted and petitioner's testimony in opposition to the motion for summary judgment, we conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

Respondent's motion for summary judgment, as modified in the stipulation of settled issues, will be granted.

An appropriate order and

decision will be entered.