T.C. Memo. 2009-283

UNITED STATES TAX COURT

DAVID L. SIMMONS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9527-07.                    Filed December 9, 2009.

David L. Simmons, pro se.

<u>Joel D. McMahan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined the following
deficiencies in petitioner's Federal income taxes and additions
to tax for the following taxable years:

| Year | Deficiency | Additions to Tax Under I.R.C. | | |
| --- | --- | --- | --- | --- |
| | | Sec. 6651(a)(2) | Sec. 6651(f) | Sec. 6654 |
| 1996 | $76,222 | $19,056 | $55,261 | $4,057 |
| 1997 | 100,079 | 25,020 | 72,558 | 5,355 |
| 1998 | 20,255 | 5,064 | 14,685 | 927 |
| 1999 | 79,131 | 19,783 | 57,370 | 3,830 |
| 2000 | 33,420 | 8,355 | 24,230 | 1,786 |

We must decide the following issues: (1) Whether petitioner's gross income must be increased by $200,680, $258,135, $61,527, $207,697, and $95,513 for taxable years 1996, 1997, 1998, 1999, and 2000, respectively; (2) whether petitioner's gross income must be increased by interest and dividend income of $86, $50, $187, and $119 for taxable years 1996, 1997, 1998, and 1999, respectively; (3) whether petitioner is liable for the fraudulent failure to file additions to tax pursuant to section 6651(f)[1] for taxable years 1996 through 2000, or in the alternative, whether petitioner is liable for failure to file additions to tax pursuant to section 6651(a)(1) for taxable years 1996 through 2000; (4) whether petitioner is liable for the failure to pay additions to tax pursuant to section 6651(a)(2) for taxable years 1996 through 2000; (5) whether petitioner is liable for the failure to pay estimated tax additions to tax pursuant to section 6654 for taxable years 1996 through 2000.

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended, for the years in issue. Amounts are rounded to the nearest dollar.

## FINDINGS OF FACT

None of the facts have been stipulated, because petitioner refused to agree to any stipulations. Petitioner resided in Florida at the time the petition was filed.

Petitioner lived in Florida from 1996 until 1999. Petitioner moved to Tennessee in the fall of 1999 and lived there until the summer of 2005 when he moved back to Florida.

Petitioner is a licensed financial adviser who sells life insurance, health insurance, annuities, and other personal lines of insurance, including property and casualty, homeowners, and automobile insurance. Petitioner's licenses include certified asset protection consultant, certified estate adviser, life insurance agent, mortgage broker, Series 6, Series 63, and Series 26. To obtain Series 6 and Series 63 licenses, petitioner was required to study the income tax consequences of individual investment activities, including the taxation of mutual funds, variable annuity products, variable life insurance products, retirement plans, and deferred compensation plans.

Beginning with his 1991 taxable year petitioner stopped filing Forms 1040, U.S. Individual Income Tax Return. Petitioner failed to file Federal income tax returns for his taxable years 1996 through 2000.

During the early 1990s, petitioner became involved with Joseph Sweet and David Swanson in the sale and promotion of

unincorporated business trust organizations (UBTOs).  Petitioner continued to sell UBTOs after Joseph Sweet and David Swanson had been enjoined from promoting UBTOs.  United States v. Swanson, No. 8:04-cv-00339-EAK-TGW (M.D. Fla. Nov. 15, 2006) (final judgment and permanent injunction); United States v. Sweet, 89 AFTR 2d 2002-2189 (M.D. Fla. 2002).  Petitioner used UBTOs to hide his own income after his client, Edward Tonitis, was found liable for fraudulent failure to file additions to tax because of his use of UBTOs.  Tonitis v. Commissioner, T.C. Memo. 2004-60.

Petitioner did not maintain a personal bank account but would deposit his personal income into a bank account opened in the name of one of the UBTOs, asserting that the use of a UBTO was a way to shelter earnings from income taxation.  The UBTOs that petitioner used never filed tax returns.

Petitioner repeatedly denied to the Internal Revenue Service (IRS) that he was liable for any tax for the years in issue.  In correspondence he sent to the IRS petitioner offered a variety of frivolous tax-protester type arguments claiming that he was not liable for Federal income tax, that he did not have the obligation to file a tax return, and that he was not a citizen of Florida even while he lived in that State.

Petitioner also engaged in other methods to conceal his income and avoid contact with the IRS.  On IRS forms petitioner used a fraudulent Social Security number, driver's license

number, and tax identification number. Petitioner used a general delivery address and mail drop boxes to conceal his residential location from the IRS. In an effort to hide assets, petitioner transferred funds between his domestic UBTO accounts and an offshore bank account in the Principality of Andorra.

Petitioner gave sales presentations on UBTOs to potential clients of his insurance business and to other individuals, urging them to form UBTOs. Petitioner instructed each such individual to notify employers not to issue the individual a Form W-2, Wage and Tax Statement, or pay the individual in the individual's name but rather to pay the individual in the name of the UBTO, in order to escape taxation. Petitioner was reprimanded by the State Bar of Florida during 1998 for the unlicensed practice of law in connection with the sale of UBTOs.

Petitioner failed to maintain or to submit to the IRS for examination books and records of his business dealings for each of the years in issue. When the IRS requested that information, petitioner responded that he was not under any obligation to maintain records or to provide them to the IRS.

To reconstruct petitioner's income for the years in issue, the IRS subpoenaed petitioner's bank records. Using the subpoenaed information, the IRS prepared summaries of petitioner's bank accounts and used the information to prepare section 6020(b) substitute returns for petitioner's taxable years

1996 through 2000. Petitioner deposited to his bank accounts $200,680 during 1996, $258,135 during 1997, $61,527 during 1998, $207,697 during 1999, and $95,513 during 2000. Petitioner earned interest and dividend income of $86 for 1996, $50 for 1997, $187 for 1998 and $119 for 1999.

Throughout the instant proceedings, petitioner made frivolous arguments such as "citizens working in the private sector do not owe income tax", "IRS employees lack the authority to issue a notice of deficiency", and "the United States Constitution was erroneously amended to allow for an income tax."

OPINION

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The Court of Appeals for the Eleventh Circuit, to which an appeal in this case would lie, requires the Commissioner to introduce some minimal evidence linking the taxpayer to the alleged income-producing activity before the presumption attaches. Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), affg. T.C. Memo. 1991-636.

We conclude that respondent has sufficiently linked petitioner to an income-producing activity. Petitioner testified that, during the years in issue, he sold insurance products to clients. Additionally, one of petitioner's clients testified

that petitioner sold her a UBTO and advised her to use the UBTO to avoid paying income tax on her personal income.  Furthermore, respondent's revenue agent testified that she reconstructed petitioner's income using petitioner's bank records.[2]  Therefore, petitioner has the burden of proving that respondent's deficiency determination was incorrect.[3]  Blohm v. Commissioner, supra.

Petitioner has failed to provide credible evidence that respondent's deficiency determinations are incorrect.  Petitioner has presented only frivolous arguments.  We conclude that the UBTOs were sham trusts designed to obfuscate petitioner's obligation to pay taxes and to frustrate the collection of his tax liabilities by the IRS.  Petitioner's contentions are tax-protester arguments that are without merit and so trivial that they do not warrant discussion.  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.").  Accordingly, we hold that petitioner has not met his burden of proof with respect to respondent's deficiency

---

[2]Petitioner also admitted to earning income for the years in issue in his written responses to respondent's requests for admission.

[3]Petitioner does not contend that sec. 7491(a) should apply to shift the burden of proof to respondent, nor did he establish that it should apply to the instant case.

determinations.  Consequently, we sustain respondent's deficiency determinations for the taxable years in issue.

We next turn to whether petitioner is liable for fraud additions to tax pursuant to sections 6651(f) for the years in issue.[4]  Section 6651(f) provides for an addition to tax of 15 percent of the amount of tax required to be shown for each month the return is late up to 75 percent in the aggregate if the failure to file is due to fraud.  In ascertaining whether petitioner's failure to file was fraudulent pursuant to section 6651(f), the Court considers the same elements that are considered in imposing the fraud penalty under section 6663 and the additions to tax pursuant to former section 6653(b).  Clayton v. Commissioner, 102 T.C. 632, 653 (1994); Rossman v. Commissioner, T.C. Memo. 2006-128.

The Commissioner has the burden of production with respect to the additions to tax and the burden of proof with respect to fraud.  Secs. 7454(a), 7491(c).  To carry the burden of proof on the fraud penalties, the Commissioner must show by clear and convincing evidence both (1) that the taxpayer underpaid his tax for each taxable year in issue and (2) that at least some part of the underpayment was due to fraud.  DiLeo v. Commissioner, 96

_____

[4]Respondent argues, in the alternative, that petitioner is liable for failure to file additions to tax pursuant to sec. 6651(a)(1).  Because we find petitioner liable for the fraud additions to tax, we decline to address that issue.

T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Hebrank

v. Commissioner, 81 T.C. 640, 642 (1983).

The Commissioner need not prove the precise amount of the

underpayment resulting from fraud, but only that there is some

underpayment and that some part of it is attributable to fraud.

Lee v. United States, 466 F.2d 11, 16-17 (5th Cir. 1972);

Plunkett v. Commissioner, 465 F.2d 299, 303 (7th Cir. 1972),

affg. T.C. Memo. 1970-274.  To carry that burden, the

Commissioner may not rely on the taxpayer's failure to meet his

burden of proving error in the Commissioner's determination as to

the deficiencies.  DiLeo v. Commissioner, supra at 873;

Habersham-Bey v. Commissioner, 78 T.C. 304, 312 (1982); Otsuki v.

Commissioner, 53 T.C. 96, 106 (1969).

Respondent has established clearly and convincingly that

petitioner failed to report certain receipts that were includable

in his gross income for the years in issue.  As stated above,

petitioner admitted to earning income during the years in issue.

See supra note 2.  Accordingly, we conclude that the record

contains clear and convincing evidence of petitioner's

underpayment of tax during each of the years in issue.

As to fraudulent intent, "Fraud is established by proving

that a taxpayer intended to evade tax believed to be owing by

conduct intended to conceal, mislead, or otherwise prevent the

collection of such tax."  Clayton v. Commissioner, supra at 647.

The existence of fraud is a question of fact that is resolved by examining the entire record. Niedringhaus v. Commissioner, 99 T.C. 202, 210 (1992). Fraud is not imputed or presumed but must be established by some independent evidence of fraudulent intent. Id. Fraudulent intent may be established by circumstantial evidence and reasonable inferences drawn from the record. Clayton v. Commissioner, supra at 647. Circumstantial evidence that indicates fraud, also known as "badges of fraud", includes, but is not limited to: (1) Understatement of income, (2) inadequate records, (3) failure to file tax returns, (4) implausible or inconsistent explanations of behavior, (5) concealing assets, (6) failure to cooperate with tax authorities, (7) filing false forms, (8) failure to make estimated tax payments, (9) dealing in cash, (10) engaging in illegal activity, and (11) attempting to conceal illegal activity. Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601.

Many of the foregoing badges of fraud are present in the instant case: Petitioner failed to file returns for taxable years 1991 through 2000; petitioner failed to cooperate with respondent's requests for books and records and acted to conceal assets through mail drop boxes, foreign bank accounts, the use of UBTOs, and the use of a false Social Security number; and petitioner participated in a UBTO tax evasion scheme that he

promoted to others even after learning that other promoters had been enjoined from similar promotions. Additionally, in connection with his promotion of UBTOs, petitioner gave advice and filed tax forms in an attempt to conceal his income and that of his clients. Petitioner's continued involvement in sham trusts is evidence of his fraudulent intent. See Rossman v. Commissioner, supra. Accordingly, we hold that petitioner fraudulently underpaid his Federal income taxes for the years in issue and is therefore liable for the additions to tax pursuant to section 6651(f) determined by respondent.

We next turn to the issue of whether petitioner is liable for the failure to pay additions to tax pursuant to section 6651(a)(2). Section 6651(a)(2) provides for an addition to tax for failure to pay the amount shown as tax on a return on or before the payment due date. The addition to tax is 0.5 percent per month with an additional 0.5 percent per month for each month the failure continues up to 25 percent. Id. In instances where the taxpayer fails to file a return, the return prepared by the Commissioner pursuant to section 6020(b) shall be treated as the return filed by the taxpayer for the purpose of calculating the addition to tax pursuant to section 6651(a)(2). Sec. 6651(g)(2). For a return to constitute a section 6020(b) return, it must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any

attachments must purport to be a return.  Spurlock v.
Commissioner, T.C. Memo. 2003-124.  Respondent bears the burden
of production under section 7491(c), and petitioner bears the
burden of proof.  See Higbee v. Commissioner, 116 T.C. 438, 446
(2001).

The record contains a substitute return for each of the
years in issue.  The substitute returns are subscribed and
include a section 6020(b) certification, Form 4549, Income Tax
Examination Changes, and Form 886-A, Explanation of Items.  Those
forms are sufficient to compute petitioner's tax liabilities for
the years in issue, and respondent has certified that they will
be treated as returns.  Because petitioner has not paid the
amounts shown, we uphold respondent's determination of the
failure to pay additions to tax against petitioner pursuant to
section 6651(a)(2) for the years in issue.

We next turn to the issue of whether petitioner is liable
for the failure to pay estimated tax additions to tax pursuant to
section 6654(a).  Taxpayers are liable for an addition to tax for
failure to pay estimated taxes where prepayments of tax, either
through withholding or by making estimated quarterly payments
during the year, do not equal the lesser of 90 percent of the tax
for the current taxable year or 100 percent of the tax shown for
the previous taxable year, if a return was filed for the previous
year.  Sec. 6654.  An exception applies if the tax due for the

year in issue is less than $1,000, the individual had no tax liability for the preceding year, or a waiver applies.  Sec. 6654(e).  Respondent bears the burden of production to show that the taxpayer had an estimated tax payment obligation, which includes whether a return was filed for the preceding year.  See sec. 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 211-212 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).  Petitioner bears the burden of proof.  See Higbee v. Commissioner, supra at 446.

The record shows that petitioner failed to file returns for his taxable years 1995 through 1999, and he was therefore required to make estimated tax payments equal to 90 percent of his tax for each of the years in issue.  Petitioner made no estimated tax payments and has failed to show that any exception applies.  Accordingly, we uphold respondent's determination of the failure to pay estimated tax additions to tax against petitioner for the years in issue.

As noted above, petitioner maintained frivolous arguments throughout the instant proceedings.  Pursuant to section 6673(a)(1), the Court is authorized to impose a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the position of the taxpayer in such proceedings is frivolous or groundless.  We take this opportunity to warn petitioner that, should he institute or maintain any

further frivolous or groundless positions in proceedings before this Court, we may impose a penalty upon him pursuant to section 6673.

The Court has considered all other arguments made by the parties and, to the extent we have not addressed them herein, we consider them moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.