Martin NITSCHKE, Plaintiff—
Appellant,

v.

UNITED STATES of America,
Defendant—Appellee.

No. 03–16043.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Nitschke, North Las Vegas, NV, pro se.

Mary E. Roccapriore, Keith S. Blair, U.S. Department of Justice, Washington, DC, Teresa E. McLaughlin, Attorney, Annette M. Wietecha, Esq., DOJ—U.S. Department of Justice, Washington, DC, Daniel G. Bogden, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Defendant–Appellee.

Before: B. FLETCHER, LEAVY and WARDLAW, Circuit Judges.

### MEMORANDUM **

Martin Nitschke appeals pro se the district court's summary judgment for the United States in Nitschke's action seeking to set aside the results of an IRS Collection Due Process (CDP) hearing which was held before an IRS Appeals Officer regarding a $500 frivolous return penalty imposed on Nitschke for filing a frivolous tax return in 1999. Nitschke contends that although he appeared telephonically at the CDP hearing, he did not receive the notice of assessment of the frivolous return penalty and thus any assessment against him is invalid. He further contends that the district court erred by considering on summary judgment evidence from the IRS which was not presented at the CDP hearing.

This court previously affirmed the Tax Court's ruling that Nitschke filed a frivolous tax return in 1999. *Nitschke v. Commissioner,* 76 Fed. Appx. 137 (9th Cir. 2003). Here, the district court correctly determined that no genuine issues of material fact existed regarding the frivolous nature of Nitschke's challenge to the penalty. 26 U.S.C. § 61(a); *Olson v. United States,* 760 F.2d 1003 (9th Cir.1985); *Wilcox v. Commissioner of Internal Revenue,* 848 F.2d 1007, 1008 (9th Cir.1988). As the district court held, the Internal Revenue Service complied with the procedures for administrative collection of taxes in 26 U.S.C. § 6330, and Nitschke's arguments to the contrary were totally meritless. The district court did not abuse its discretion in its evidentiary rulings on Nitschke's requests to strike the declaration of an IRS employee and attached exhibits. Fed. R.Civ.P. 56(e); Fed.R.Evid. 803(6) and 801(d)(2). Accordingly, the district court is

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

