T.C. Memo. 2008-143

UNITED STATES TAX COURT

MARTIN NITSCHKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 696-07L.                    Filed May 22, 2008.

Martin Nitschke, pro se.

<u>David E. Whitcomb</u> and <u>Marilyn Ames</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  This proceeding was commenced in response to
a Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330.  The only bona fide issue presented is
whether a penalty should be awarded under section 6673 and, if
so, how much.

Unless otherwise indicated, all section references are to the Internal Revenue Code.

### Background

Petitioner resided in Texas at the time that he filed his petition.

On August 6, 2001, the Internal Revenue Service (IRS) issued a notice of determination regarding collection activity relating to a frivolous return penalty assessed against petitioner with respect to his 1999 Federal income tax return. Petitioner filed an action in the U.S. District Court for the District of Nevada seeking to set aside the notice of determination. On March 31, 2003, the District Court granted summary judgment in favor of the United States. Among other things, the District Court stated:

> Plaintiff argues that the hearing officer did not verify that the proper administrative procedures were followed with respect to the frivolous return penalty determination. However, the hearing officer indicated that the IRS had submitted sufficient verification that all applicable laws and procedures and [sic] been followed. The hearing officer was entitled to rely on the records and transcripts presented by the IRS in making that determination. Davis v. Commissioner, 115 T.C. 35, 40 (2000). [Nitschke v. United States, 91 AFTR 2d 2003-1991, at 2003-1992, 2003-1 USTC par. 50,432, at 88,242 (D. Nev. 2003).]

The judgment of the District Court was affirmed by the Court of Appeals for the Ninth Circuit on March 24, 2004. 92 Fed. Appx. 529 (2004).

On January 7, 2002, while residing in Nevada petitioner commenced a proceeding in this Court under docket No. 586-02,

contesting a statutory notice of deficiency that he received for 1999. In that case petitioner made several frivolous arguments, including that no statute establishes an individual liability for income tax. At the conclusion of trial the Court rendered an oral opinion rejecting petitioner's arguments, determining a deficiency of $1,728 and penalty of $339.60 under section 6662, and awarding to the United States a penalty of $500 under section 6673. The Court warned petitioner that the penalty likely would be more if petitioner advanced similar frivolous arguments in future proceedings in this Court. On September 17, 2003, the Court's opinion in docket No. 586-02 was affirmed by the Court of Appeals for the Ninth Circuit. 76 Fed. Appx. 137 (2003).

On April 16, 2004, petitioner filed a proceeding in this Court at docket No. 6510-04 in response to notices of deficiency for 2000 and 2001. On March 15, 2005, an order of dismissal and decision was entered by reason of petitioner's failure properly to prosecute. The decision reflected deficiencies of $10,301 and $6,707.70 for 2000 and 2001, respectively, and additions to tax for each year under sections 6651(a) and 6654. In that order, the Court stated, in part:

> With respect to the instant matter, we are convinced that petitioner instituted this proceeding primarily for delay. Throughout the litigation process, petitioner has advanced contentions and demands previously and consistently rejected by this and other courts.

* * * * * * *

Hence, although petitioner was well aware of the ramifications under section 6673 of pursuing frivolous actions, he failed in his various filings even to address respondent's request for such a penalty in this case and instead continued to advance patently rejected arguments. The Court concludes that a penalty of $2,500 should be awarded to the United States in this case.

A copy of the Court's order of dismissal and decision is attached as an appendix to this opinion.

On July 24, 2006, a notice of tax lien filing (notice of lien) was sent to petitioner, advising him of his right to a hearing under section 6330. The notice of lien related to outstanding income tax liabilities for 1993, 1997, 1998, 1999, 2000, 2001, and 2002.

The notice of determination that is the basis of this proceeding was sent to petitioner on December 1, 2006. It described how the verification of legal and procedural requirements had been made. Under the heading "Issues Raised by the Taxpayer", the notice of determination provided the following rationale:

Challenges to the Liability

On you [sic] Form 12153 you stated: I request collection alternative including OIC and payment schedule. Collection actions are inappropriate. Procedural defects by Internal Revenue Service exist. I want to see copies of the 90 day letter, Notice and Demand letter (Form 17-A), also Summary Record of Assessment (Form 23-C) or replacement form, RACS Report and my form 4340 "Certificate of Assessment and Payments" and proof that they were sent. I contest the existence or the amount of the tax, because I did not receive a Notice of Deficiency. I also request proof

of verification from the Secretary that all applicable the [sic] Service of my intention to make an audio recording of the hearing pursuant to IRC 7521.

Because you have not identified any irregularity in the assessment for 1993, 1997, 1998, 1999, 2000, 2001 and 2002, and because the Certificates of Assessments and Payments show the assessment of each of these liabilities, I find the assessments to be valid.

In addition to claiming the assessments are procedurally invalid, you, [sic] assert general, non-specific challenges to the existence and amount of your liabilities.  IRC § 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can only be contested in Appeals at a CDP hearing if the taxpayer did not receive a Notice of Deficiency for taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability.

Since there is documentation that you received the notices of deficiency and had a prior opportunity to meaningfully challenge the existence of the liability, you are precluded from raising liability issues before the Appeals Office.  In any event, your arguments with respect to the existence of your liabilities have been rejected by courts as frivolous.

Our records reveal that you received Notices of Deficiency for the taxable years 1993, 1997, 1998, 1999, 2000, 2001 and 2002.  You have also filed your petition with the Tax Court and they have made a Decision, therefore you cannot raise the liability here in Appeals.

The petition in this case was filed January 8, 2007, and set forth mostly unintelligible accusations against representatives of the Office of Appeals.  When the case was called for trial, petitioner declined to testify.  Petitioner contends that no notices of deficiency were sent to him because a transcript of his account does not show "Code No. 494", which, according to petitioner, indicates that a statutory notice of deficiency was

sent.  In the alternative petitioner argues that the IRS records are not complete because if a notice of deficiency was sent, Code 494 should appear on the transcript.

Discussion

Petitioner has engaged in long-term defiance of his Federal tax obligations.  Normally we would respond, as we did in petitioner's case for 1999, by quoting from <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984), to the effect that "to refute these arguments with somber reasoning and copious citation of precedent * * * might suggest that these arguments have some colorable merit."  In this case, however, it is worthwhile to examine petitioner's contention to show the fallacy of taking arguments out of context to support an untenable and absurd result.

Petitioner relies on <u>Wiley v. United States</u>, 20 F.3d 222 (6th Cir. 1994).  In that case, the Court of Appeals reversed summary judgment in favor of the Government on the ground that a genuine issue of material fact existed as to whether a statutorily required notice of deficiency had been sent.  The Court of Appeals explained:

> Wiley's motion for summary judgment was based on his assertion that the Government had not mailed him a notice of deficiency for the 1982 tax year.  Wiley submitted a copy of an IRS computer-generated transcript of his account, known as an Individual Master File (IMF), which reflected by numeric codes the dates certain transactions occurred.  Wiley submitted an affidavit of an expert witness that stated the IMF

transcript did not contain a record of a notice of deficiency being issued. According to the expert, the IMF transcript was missing the transaction code ("494") that was required by IRS Publication 6209 to record the issuance of a notice of deficiency, and this omission indicated that a notice of deficiency was not sent. Wiley also submitted his own affidavit, which stated that he had not received the notice of deficiency.

\* \* \* \* \* \* \*

\* \* \* the evidence presented to the district court was in conflict. The PS Form 3877 presented by the Government provided proof that the notice of deficiency was mailed, while the IMF transcript presented by Wiley provided proof that the notice was not mailed. The Government's evidence may be more persuasive than Wiley's, but the court's function when deciding motions for summary judgment is "not [it]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249, 106 S.Ct. at 2511. Here, Wiley has presented probative evidence upon which a jury could reasonably find in his favor. A genuine issue of material fact as to whether a notice of deficiency was sent to Wiley by certified mail remains. Therefore, the district court's grant of summary judgment to the Government was error. [Id. at 225-229; fn. ref. omitted.]

After remand by the Court of Appeals, the District Court conducted a trial and found that a notice of deficiency had been sent. The finding was based in part on testimony that

if a taxpayer does not file a tax return, or if a taxpayer's income on a tax return does not match the income appearing on W-2 forms and 1099 forms, a notation "494" may appear on the taxpayer's IRS transcript. The 494 notation means that a notice of deficiency was mailed to the taxpayer via certified mail. After the IRS audits a taxpayer, however, the 494 notation will not appear on the taxpayer's transcript. [Wiley v. United States, 77 AFTR 2d 96-640, at 96-641 to 96-642, 96-1 USTC par. 50,089, at 88,344-88,345 (S.D. Ohio 1995).]

The court found that the Government had proved by a preponderance of the evidence that the IRS sent the notice of deficiency in dispute.  Id. at 96-643, 96-1 USTC par. 50,089, at 88,346.  The District Court's conclusion was affirmed in an unpublished opinion on March 20, 1997.  Wiley v. United States, 108 F.3d 1378 (6th Cir. 1997).  Thus, while the absence of "Code 494" in the transcript of account led to a trial, it had no ultimate effect.

In this case we have none of the evidence like that presented in relation to the motions for summary judgment in Wiley or at the trial after the remand to explain the transcript of account.  Petitioner's argument is based on a single page from the Internal Revenue Manual (IRM).  The IRM neither has the force of law nor confers rights on taxpayers.  Fargo v. Commissioner, 447 F.3d 706, 713 (9th Cir. 2006), affg. T.C. Memo. 2004-13; Thoburn v. Commissioner, 95 T.C. 132, 141 (1990).  We have here compelling evidence that petitioner received statutory notices for 1999, 2000 and 2001, by taking judicial notice of the records of this Court showing that petitioner filed actions in response to those notices.  See Fed. R. Evid. 201.  Petitioner declined to testify, and in the face of compelling evidence for 3 years, his denial of receipt of notices of deficiency for the other years has no credibility.

Petitioner argues that the notice of determination could not have been sent after verification of the legal requirements for a valid lien because of the missing code in the transcript. He also argues that the failure to indicate that a notice of deficiency was sent by Code 494 violated Federal law concerning maintenance and retention of accurate records. Petitioner has cited neither authority nor reason why a failure to follow a particular format in recordkeeping, if it occurred, would undermine the validity of the lien filed by reason of his failure to fulfill his income tax obligations.

Section 6321 creates a lien in favor of the United States on all property and rights to property belonging to a person liable for taxes when payment has been demanded and neglected. The lien arises by operation of law when the IRS assesses the amount of unpaid tax. Sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec. 6323.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a lien under section 6323. This notice must be provided not more than 5 business days after the day the notice of lien is filed and must advise the taxpayer of the opportunity for administrative review in the form of a hearing. Sec. 6320(a). Petitioner has not shown or asserted any omission with

respect to the filing or notice of the lien, and none is disclosed in the record.

Section 6320 further provides that the taxpayer may request a hearing within the 30-day period beginning on the day after the 5-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c). A taxpayer may raise any relevant issue at the hearing, including challenges to "the appropriateness of collection actions" and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." Sec. 6330(c)(2)(A). At the hearing, a taxpayer may challenge the existence and amount of the underlying tax liability only if he or she received no notice of deficiency or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). Because petitioner received statutory notices of deficiency, he was not entitled to dispute the underlying liabilities. In any event, he has asserted no credible challenge to them.

The Appeals officer must consider issues raised by the taxpayer, verify that the requirements of applicable law and administrative procedures have been met, and consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the

person [involved] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C). The notice of determination reflects that all the required steps were taken.

For us to conclude that there was an abuse of discretion in sustaining the lien, petitioner would have to show that the determination was arbitrary, capricious, or without sound basis in fact or law. See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007). He has not done so here.

Petitioner was repeatedly warned that section 6673 provides for a penalty, not in excess of $25,000, whenever it appears to the Tax Court that proceedings before it have been instituted or maintained primarily for delay or the taxpayer's position is frivolous or groundless. Petitioner's history of making frivolous and groundless claims for the obvious purpose of delay justifies a penalty. We will impose a penalty of $10,000. Where a taxpayer pursues proceedings in this Court merely as a continuation of his refusal to acknowledge and satisfy his tax obligations, his pro se status does not excuse his actions. Moreover, further sanctions may be awarded on appeal. See Tello v. Commissioner, 410 F.3d 743 (5th Cir. 2005); Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997).

An appropriate order
and decision will be entered.

# UNITED STATES TAX COURT

WASHINGTON, DC 20217

MARTIN NITSCHKE,                          )
                                          )
                    Petitioner            )
                                          )
              v.                          )    Docket No.  6510-04.
                                          )
COMMISSIONER OF INTERNAL REVENUE,         )
                                          )
                    Respondent            )


## ORDER AND ORDER OF DISMISSAL AND DECISION


On January 14, 2004, respondent issued to petitioner a separate notice of deficiency with respect to each of the taxable years 2000 and 2001.  Respondent therein determined deficiencies and additions to tax under sections 6651(a)(1) and 6654[1] as follows:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a)(1) | Sec. 6654 |
| --- | --- | --- | --- |
| 2000 | $10,301.00 | $3,811.37 | $554.02 |
| 2001 | 6,707.70 | 1,949.49 | 265.44 |

Because respondent had no record of having received a return from petitioner for either of these years, respondent computed petitioner's tax liabilities based on information returns from third parties reflecting income received from wages, dividends, stock sales, and a premature distribution from a retirement account.  Respondent permitted petitioner the standard deduction for a single taxpayer and one exemption.

Petitioner filed a petition with this Court contesting the notices of deficiency on April 16, 2004.  The petition asserted with little elaboration that respondent had produced no evidence that petitioner received taxable income and had failed to consider deductions, allowances, and credits.  Petitioner prayed

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

that the Court "dismiss" the notice of deficiency and award to petitioner costs and fees.

On July 2, 2004, the Court issued to petitioner a notice setting this case for trial in Las Vegas, Nevada, at the session beginning on December 6, 2004, and attaching a copy of the Court's standing pretrial order. In the months leading up to trial, petitioner refused to participate in the process of preparing a stipulation of facts and answered each statement in a request for admissions served by respondent with an invocation of his Fifth Amendment privilege against self-incrimination.

The case was called from the calendar on December 6, 2004, and was recalled on December 8, 2004. There was no appearance on either date by, or on behalf of, petitioner. However, a motion to dismiss for lack of jurisdiction received from petitioner was filed on December 7, 2004. Respondent appeared and filed a motion to dismiss for lack of prosecution on December 8, 2004. In that motion, respondent recounted unsuccessful attempts to communicate with petitioner and various warnings given to petitioner explaining the possible consequences of failure to appear at trial.

On January 11, 2005, the Court issued an order to show cause directing petitioner to show cause in writing on or before February 1, 2005, why respondent's motion to dismiss should not be granted. The Court on the same date issued an order directing respondent to file any response to petitioner's motion to dismiss on or before February 1, 2005.

Respondent on January 21, 2005, filed a notice of objection to petitioner's motion and a request to impose a penalty under section 6673. Petitioner, after an extension of time was granted by the Court, filed a response on March 4, 2005, opposing respondent's motion and offering further argument in support of his own motion.

It is petitioner's position that this case should be dismissed for lack of jurisdiction because the notice of deficiency is void. Petitioner contends that definition of "deficiency" in section 6211 requires the existence of a return executed either by the taxpayer or by the Secretary or his delegate.

The jurisdiction of this Court rests on a valid notice of deficiency and a timely filed petition. Rule 13(a), (c). Section 6211 provides in relevant part:

SEC. 6211.  DEFINITION OF A DEFICIENCY.

(a) In General.--For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B * * * the term "deficiency" means the amount by which the tax imposed by subtitle A or B * * * exceeds the excess of--

(1) the sum of

(A) the amount shown as tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency over--

(2) the amount of rebates * * * made.

Regulations promulgated under section 6211 explicitly clarify: "If no return is made, or if the return * * * does not show any tax, for the purpose of the definition 'the amount shown as the tax by the taxpayer upon his return' shall be considered as zero."  Sec. 301.6211-1(a), Proced. & Admin. Regs.

Petitioner contends that the language of the above-quoted regulation represents an impermissible extension of the current statute, reflecting instead section 271 of the Internal Revenue Code of 1939.  He further posits that cases contrary to his position are therefore distinguishable in that they relied at least in part on the regulation, the validity of which was not directly challenged by the taxpayers in those proceedings.

This and other courts have long rejected petitioner's interpretation of section 6211 in cases such as Laing v. United States, 423 U.S. 161, 173-174 (1976); Roat v. Commissioner, 847 F.2d 1379, 1381-1382 (9th Cir. 1988); and Hartman v. Commissioner, 65 T.C. 542, 545-546 (1975).  The plain language of section 6211(a) simply does not support petitioner's stance.  In words of the Court of Appeals for the Ninth Circuit:  "As section 6211(a) makes plain, only 'if a return was made by the taxpayer' does the tax shown on a return figure in the Commissioner's determination of deficiency." Roat v. Commissioner, supra at 1381.  Accordingly, section 301.6211-1(a), Proced. & Admin. Regs., is in no way irreconcilable with the statute.  The Court concludes that the notices of deficiency issued in the instant case are valid, and petitioner's motion to dismiss for lack of jurisdiction is without merit.

The next question then is whether this case should be dismissed for lack of prosecution.  Rule 123(b) provides in relevant part as follows:

> (b) Dismissal:  For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, and such decision shall be treated as a dismissal * * *

In the present matter, as regards the deficiency determination, the burden of proof lies with petitioner under the general premise of Rule 142(a) and has not shifted pursuant to section 7491(a).  Concerning the additions to tax, although section 7491(c) places the burden of production on respondent, the ultimate burden of establishing an exception thereto remains with petitioner.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Here, petitioner has failed to comply with the Court's standing pretrial order, has not cooperated with respondent in preparing his case for trial, did not appear at the session in Las Vegas, and has submitted no meritorious allegations or arguments in response to the order to show cause.  Petitioner therefore has presented to the Court no evidence showing error in respondent's deficiency determinations.

As regards the additions to tax for failure to file a return, respondent provided a Form 3050, Certification of Lack of Record, reflecting that the Internal Revenue Service has no record of petitioner having filed an income tax return for the 2000 or 2001 taxable years.  Concerning the additions to tax for failure to pay estimated taxes, the notices of deficiency on their face show insufficient withholding or other estimated payments.  Petitioner has at no time offered any evidence or argument directed to the additions to tax under section 6651(a) or 6654.

Given the above circumstances, it is appropriate to dismiss this case and to sustain respondent's determinations as to the deficiencies and the additions to tax.  Additionally, respondent has now moved for imposition of a penalty under section 6673.

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it

appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. With respect to the instant matter, we are convinced that petitioner instituted this proceeding primarily for delay. Throughout the litigation process, petitioner has advanced contentions and demands previously and consistently rejected by this and other courts.

The Court also notes that petitioner was previously before us with respect to his 1999 taxable year, at which time a penalty under section 6673 in the amount of $500 was imposed, and the decision was affirmed on appeal. Nitschke v. Commissioner, 76 Fed. Appx. 137 (9th Cir. 2003), affg. an Oral Opinion of this Court; see also Nitschke v. United States, 92 Fed. Appx. 529 (9th Cir. 2004) (sustaining collection action regarding a $500 frivolous return penalty imposed for 1999).

Hence, although petitioner was well aware of the ramifications under section 6673 of pursuing frivolous actions, he failed in his various filings even to address respondent's request for such a penalty in this case and instead continued to advance patently rejected arguments. The Court concludes that a penalty of $2,500 should be awarded to the United States in this case. Thus, premises considered, it is

ORDERED that the order to show cause dated January 11, 2005, is hereby made absolute. It is further

ORDERED that petitioner's motion to dismiss for lack of jurisdiction filed December 7, 2004, is denied. It is further

ORDERED that respondent's motion to dismiss for lack of prosecution filed December 8, 2004, is granted. It is further

ORDERED that so much of respondent's document filed January 21, 2005, as requests to impose a penalty under section 6673 is granted. It is further

ORDERED and DECIDED that there are deficiencies in income tax due from petitioner and additions to tax due under sections 6651(a)(1) and 6654 for the taxable years and in the amounts as follows:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a)(1) | Sec. 6654 |
| --- | --- | --- | --- |
| 2000 | $10,301.00 | $3,811.37 | $554.02 |
| 2001 | 6,707.70 | 1,949.49 | 265.44 |

It is further

ORDERED AND DECIDED:  That damages are due from petitioner which are hereby awarded to the United States under section 6673, in the amount of $2,500.


(signed) Robert A. Wherry, Jr.

Robert A. Wherry, Jr.
Judge


ENTERED:  March 15, 2005