# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2009

No. 08-60974
Summary Calendar

Charles R. Fulbruge III
Clerk

MARTIN NITSCHKE

Petitioner-Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent-Appellee

Appeal from the United States Tax Court
USTC No. 696-07L

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner-appellant Martin Nitschke, proceeding pro se, appeals the United States Tax Court's denial of a motion to vacate its order and decision sustaining the determinations made by the Internal Revenue Service Appeals Office in favor of respondent-appellee, the Commissioner of Internal Revenue.

For the tax years 1993 and 1997 through 2002, Nitschke either failed to file federal income tax returns or filed returns reflecting a zero tax liability. The Commissioner assessed these liabilities and sent notice and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demand to Nitschke, yet a balance remains due. After the Office of Appeals sustained a notice of tax lien issued to Nitschke, the Tax Court upheld this determination. Nitschke moved to vacate the court's order and decision. The Tax Court denied the motion by notation stamped on the document.

On appeal, instead of challenging the underlying tax liabilities, or the Tax Court's imposition of a penalty for frivolous delay,[1] Nitschke claims only that the Tax Court's denial of his motion to vacate by means of stamped notation is an abuse of discretion. He has waived all other issues by failing to raise and argue them in his opening brief on appeal.[2] This rule applies even when the appellant is appearing pro se.[3]

We construe Nitschke's pro se brief liberally.[4] Even so, he fails to demonstrate the Tax Court abused its discretion by denying Nitschke's motion to vacate by stamped notation. Nitschke made one set of meritless arguments to the Tax Court at trial and the Tax Court rejected those claims in a written opinion. Nitschke then re-asserted those same claims in his motion to vacate; he is not entitled to a second written opinion on those issues. The Tax Court's denial of Nitschke's motion to vacate is AFFIRMED.

---

[1] In assessing this penalty, the Tax Court noted that Nitschke had previously filed and lost other actions challenging his tax liabilities, and had been warned about the possible imposition of sanctions: *Nitschke v. United States*, 2003-1 U.S. Tax Cas. (CCH) ¶ 50,432, at 88,242 (D. Nev. 2003) (*aff'd* 92 F. App'x 529 (9th Cir. 2004)), *Nitschke v. Commissioner of Internal Revenue*, 76 F. App'x 137 (9th Cir. 2003).

[2] *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

[3] *Id.*; *Knighten v. Commissioner*, 702 F.2d 59, 60 n.1 (5th Cir. 1983).

[4] *See United States v. Robinson*, 542 F.3d 1045, 1050 (5th Cir. 2008).