T.C. Memo. 2016-78

UNITED STATES TAX COURT

MARTIN NITSCHKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23164-14.                    Filed April 26, 2016.

Martin Nitschke, pro se.

<u>Karen Lynne Baker</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  In a notice of deficiency dated June 23, 2014, respondent

determined a deficiency in petitioner's 2011 Federal income tax of $10,017 and

**[\*2]** additions to tax under section 6651(a)(1)[1] of $2,253.83, section 6651(a)(2) of $1,252.13, and section 6654(a) of $198.29.

At trial petitioner refused to stipulate any documents, refused to testify, and stated on the record that he did not have evidence to offer regarding his income and deductions. Respondent offered evidence as to the amounts underlying the information returns that formed the basis for respondent's substitute for return under section 6020(b) and offered evidence regarding the additions to tax.

## FINDINGS OF FACT

Petitioner was a resident of Texas at the time his petition was filed (he included his Texas mailing address on his petition). Petitioner failed to file a Form 1040, U.S. Individual Income Tax Return, for 2011, and therefore respondent prepared a substitute for return for him under section 6020(b). Respondent computed tax due on that return using third-party information returns, including a Form 1099-MISC, Miscellaneous Income, from Fundamental Technology Solutions, LLC (Fundamental Technology), reporting $44,744 of income and a Form 1099-C, Cancellation of Debt, from Chase Bank USA, N.A. (Chase Bank), reporting $879.92 in cancellation of debt income. In computing

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for 2011. Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** petitioner's tax liability for the notice of deficiency, respondent used a single filing status and allowed him one exemption and the standard deduction.

Business records from Fundamental Technology and Chase Bank (accompanied by affidavits declaring the attached documents to be business records) show the sources of the income reported on the Form 1099-MISC and the Form 1099-C. An "Independent Contractor Agreement" between petitioner and Fundamental Technology bearing petitioner's signature recites terms under which he would be paid for services provided to Fundamental Technology. Petitioner also provided to Fundamental Technology a signed Form W-9, Request for Taxpayer Identification Number and Certification, bearing his Social Security number and address. A series of invoices bearing petitioner's name and address shows that petitioner billed a total of $44,744 to Fundamental Technology in 2011. A credit card statement from Chase Bank dated just before the date petitioner's debt to Chase Bank was reported as canceled shows a balance due from petitioner in excess of the $879.92 shown on the Form 1099-C.

Petitioner filed timely a petition to this Court for redetermination of the deficiency and additions to tax in respondent's June 23, 2014, notice of deficiency alleging, in essence, that lack of authority and procedural irregularities render the notice of deficiency invalid.

[*4]                         OPINION

## I. Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). If the Commissioner raises a new matter or asserts an increase in the deficiency, the Commissioner bears the burden of proof as to the new matter or the increased deficiency. See Rule 142(a)(1). The Commissioner also bears the initial burden of production with respect to the additions to tax. See sec. 7491(c). Petitioner's argument, to the extent comprehensible, is legal, and he offered no evidence of his income or deductions; nor did he offer any separate defense against the additions to tax or any evidence that might support a defense. (Because petitioner did not even try to put on evidence, sections 7491(a) and 6201(d) do not affect the burden of proof; nor does the exception to the presumption of correctness applicable in certain unreported income cases. See, e.g., Portillo v. Commissioner, 932 F.2d 1128, 1133-1134 (5th Cir. 1991) (discussing exception), aff'g in part, rev'g in part T.C. Memo. 1990-68.)

## II. Petitioner's Income

Gross income includes all accretions to wealth including compensation for services reported on a Form 1099-MISC, sec. 61(a)(1), and income from discharge

[*5] of indebtedness, sec. 61(a)(12). The record establishes that petitioner received payments for services from Fundamental Technology and income from cancellation of a credit card debt owed to Chase Bank. While petitioner objected to the documents respondent offered to establish his income, he offered no evidence of his income and deductions despite repeated invitations to do so. He even refused to acknowledge his signature on the Independent Contractor Agreement or the Form W-9, Request for Taxpayer Identification Number (TIN) and Certification. Rather, petitioner argues that the notice of deficiency is not valid because of alleged defects in respondent's processes. We therefore find that petitioner received income of $44,744 from Fundamental Technology and income of $879 from cancellation of indebtedness owed to Chase Bank and sustain respondent's determination regarding the unreported income.

III. Validity of Notice of Deficiency

Petitioner's arguments regarding the validity of the notice of deficiency center on his failure to obtain copies of certain documents from respondent that he claims will show there was no deficiency. He claims, for example, that there was no determination of worker status (an "SS-8 determination"). We find the documents petitioner requested and his explanation as to their relevance difficult to comprehend. Regardless of what petitioner seeks from respondent's

**[\*6]** computerized records, they do not relate to petitioner's income and deductions and would not establish that the notice of deficiency is invalid under section 6212(a).

It is well established that no particular form is required for a notice of deficiency; rather, to be valid a notice must state that the Commissioner has determined the amount of deficiency for a particular year and specify the amount or provide information necessary to compute it. See, e.g., Portillo v. Commissioner, 932 F.2d at 1132. In Portillo v. Commissioner, 932 F.2d at 1134, the Court of Appeals for the Fifth Circuit concluded that a notice of deficiency based on a Form 1099-Misc was valid but went on to find that the deficiency determination was arbitrary and erroneous because the Commissioner failed to connect the income reported on the Form 1099-Misc to the taxpayer, after the taxpayer challenged the income. Here, of course, petitioner refused to offer any evidence regarding his income, and respondent did offer evidence to connect the income to petitioner. That is more than enough. As the Court of Appeals has said: "The Commissioner has no duty to investigate a third party payment report that is not disputed by the taxpayer." Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997) (rejecting frivolous challenges to notice of deficiency, including ones based on lack of authority, by taxpayers who failed to file returns).

[*7]   This Court also has long held that we generally do not look behind the notice of deficiency to question the procedures the Commissioner followed leading up to the issuance of the notice.  See, e.g., Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324 (1974).  Because respondent considered information directly related to petitioner's tax liability, the rare exception to our general rule does not apply.  Portillo v. Commissioner, 932 F.2d at 1132.  The documents petitioner seeks are not relevant to the issue before us (petitioner's proper income and deductions) as he is seeking them only in an effort to have us look behind the notice of deficiency, which we will not do.  We offered petitioner a de novo redetermination of the deficiency determined in the notice, to which he was entitled under section 6213.  Petitioner instead chose to pursue frivolous arguments.  See, e.g., Davenport v. Commissioner, T.C. Memo. 2013-41 (rejecting similar arguments regarding alleged procedural and legal deficiencies including information and codes allegedly missing from taxpayer's "Individual Master File").  We have told him before that these arguments have no merit.  See, e.g., Nitschke v. Commissioner, T.C. Memo. 2008-143 (rejecting similar arguments challenging IRS collection action), aff'd without published opinion, 332 F. App'x 173 (5th Cir. 2009).  Our views have not changed.  Therefore, we uphold respondent's determination.

**[*8]** IV.  Addition to Tax

Respondent determined that petitioner is liable for additions to tax for 2011 under section 6651(a)(1), for failure timely to file a valid return; section 6651(a)(2), for failure timely to pay tax shown on a return; and section 6654, for failure to pay estimated tax.  The Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner carries the burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer has an affirmative defense.  See Higbee v. Commissioner, 116 T.C. at 446-447.

A.  Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure timely to file a return unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985).  A failure to file a Federal income tax return timely is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time, typically for reasons outside the taxpayer's control.  See McMahan v. Commissioner, 114 F.3d

[*9] 366, 369 (2d Cir. 1997), aff'g T.C. Memo. 1995-547; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner was required to file a return for 2011 and failed to do so. See sec. 6012(a)(1)(A). Accordingly, respondent has carried his burden of producing evidence showing that the addition to tax under section 6651(a)(1) is appropriate. Petitioner failed to introduce any credible evidence showing that he had reasonable cause for failing to file his 2011 return timely. His only arguments against his obligation to file a return (or pay tax) are frivolous. Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1).

B. Addition to Tax Under Section 6651(a)(2)

Section 6651(a)(2) authorizes the imposition of an addition to tax for failure timely to pay the amount shown as tax on a return. Respondent satisfied his burden of production under section 7491(c) by introducing evidence that a substitute for return for 2011 that satisfies the requirements of section 6020(b) was made. See sec. 6020(b); Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). A substitute for return constitutes "the return filed by the taxpayer" for purposes of determining the amount of an addition to tax under section 6651(a)(2). See sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. at 208-209. Petitioner did not establish that his failure to

[*10] pay timely was due to reasonable cause and not willful neglect.  See sec.

6651(a)(2).  Accordingly, petitioner is liable for the addition to tax under section

6651(a)(2).

C.  Addition to Tax Under Section 6654

Section 6654(a) authorizes the imposition of an addition to tax for failure to

make timely and sufficient payments of estimated tax.  The addition to tax under

section 6654 is calculated by reference to four required installment payments of

the taxpayer's estimated income tax.  Sec. 6654(c)(1); Wheeler v. Commissioner,

127 T.C. at 210.  Each required installment of estimated income tax is equal to

25% of the "required annual payment".  Sec. 6654(d)(1)(A).  The required annual

payment generally is equal to the lesser of:  (1) 90% of the tax shown on the

taxpayer's return for the year (or, if no return is filed, 90% of the taxpayer's tax for

the year) or (2) 100% of the tax shown on the return, if the taxpayer filed a return,

for the immediately preceding taxable year.  Sec. 6654(d)(1)(B); Wheeler v.

Commissioner, 127 T.C. at 210-211.

For tax year 2011 petitioner failed to file a return and make the required

installment payments.  He has an actual tax liability for that tax year that he has

not paid.  Petitioner also failed to file a return for 2010.  Therefore, petitioner's

required annual payment for 2011 is 90% of his tax for that year, as redetermined

[*11] in this proceeding. Respondent has satisfied his burden of production for the section 6654 addition to tax with respect to 2011. See Wheeler v. Commissioner, 127 T.C. at 211 (finding that the Commissioner did not satisfy the burden of production because the Commissioner failed to show whether the taxpayer filed a return for the preceding taxable year and, if he did, the amount of tax shown on that return).

Except in very limited circumstances not applicable in this case, see sec. 6654(e)(3)(B), section 6654 provides no exception for reasonable cause, Mendes v. Commissioner, 121 T.C. 308, 323 (2003). Instead, the addition to tax under section 6654 is mandatory unless the taxpayer establishes that one of the exceptions in section 6654(e) applies. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).

Petitioner has not shown that any of the statutory exceptions under section 6654(e) applies. Accordingly, petitioner is liable for the addition to tax under section 6654 for 2011.

IV. Sanction Under Section 6673

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding

**[\*12]** primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

Although respondent has not moved for imposition of a penalty, petitioner was warned by order in Nitschke v. Commissioner, T.C. Dkt. No. 13265-14L (June 11, 2015) that we might impose a penalty in this case if he persisted in making his frivolous arguments. And he is no stranger to the consequences of making frivolous arguments and using court proceedings for the purpose of delay. We have imposed a penalty on petitioner for his actions on more than one occasion. See, e.g., Nitschke v. Commissioner, T.C. Memo. 2008-143. He should not be surprised, therefore, that we will once again impose a penalty on him, this time in the amount of $10,000. We also remind petitioner that he risks a penalty each time he pursues these arguments. While a penalty here may dissuade him no more than ones we have imposed in the past, imposing the penalty on him again for his persistence in trying to deny or delay his obligation to pay tax by making frivolous arguments serves as a warning to other taxpayers considering these or similar arguments. See, e.g., Banister v. Commissioner, T.C. Memo. 2015-10.

To the extent not addressed above, we have considered petitioner's remaining arguments, and we conclude that they also are frivolous and devoid of

**[\*13]** any basis in law.  <u>See</u> <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir.

1984); <u>Wnuck v. Commissioner</u>, 136 T.C. 498 (2011).

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.