T.C. Memo. 2006-141

UNITED STATES TAX COURT

AARON T. AND LINDA K. BALL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17212-04L.                    Filed July 5, 2006.

Aaron T. and Linda K. Ball, pro sese.

<u>Wesley J. Wong</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case was commenced in response to a
Notice of Determination Concerning Collection Action(s) Under
Section 6320[1] and/or 6330.  The issues for decision are:  (1)
Whether respondent may proceed with collection of petitioners'

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

1997 income tax liability; and (2) whether petitioners are liable for a penalty pursuant to section 6673.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Las Vegas, Nevada.

In 1997, petitioner Aaron Ball was employed as a tile installer by Carrara Marble Co. of America. His employer issued a Form W-2, Wage and Tax Statement, reporting wages of $54,438.27 and Federal income tax withheld of $7,701.17. A copy of this Form W-2 was attached to petitioners' 1997 tax return.

In 1997, petitioner Linda Ball was employed as a registered nurse. She was issued a Form W-2 from CHC Payroll Agent, Inc., Sunrise Mt. View 2270, reporting wages of $23,287.96 and Federal income tax withheld of $3,503.67. She was also issued a Form W-2 from CHC Payroll Agent, Inc., Sunrise Hsp & M/C 1541, reporting wages of $17,926.18 and Federal income tax withheld of $3,349.53. Copies of these forms were also attached to petitioners' 1997 tax return.

Petitioners do not dispute that they received this income in 1997, yet they filed a Form 1040, U.S. Individual Income Tax Return, listing zero as the amount of taxable income, tax due, and total tax. Petitioners requested a refund of $14,554.37,

which was the total amount of Federal income tax withheld. Petitioners also attached a typewritten statement to the Form 1040 reciting contentions and arguments that this Court has found to be frivolous and/or groundless.

Respondent determined a deficiency and an accuracy-related penalty in petitioners' 1997 Federal income tax and issued a notice of deficiency to petitioners on July 21, 2000. Petitioners received the notice of deficiency but did not file a petition for redetermination of a deficiency with this Court for taxable year 1997.

Respondent issued to each petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, on October 9, 2003, for taxable year 1997. Petitioners sent respondent a letter dated November 5, 2003, requesting a section 6330 hearing. Throughout their correspondence with respondent, petitioners continued to make contentions and arguments that this Court has found to be frivolous and/or groundless.

In letters dated July 6 and July 22, 2004, respondent's settlement officer attempted to schedule an administrative hearing with petitioners. Respondent informed petitioners that a face-to-face hearing would not be available if the only items raised by petitioners are arguments or contentions that courts have determined to be frivolous and/or groundless.

On July 26, 2004, petitioners sent a letter to the settlement officer requesting a face-to-face conference in Las Vegas, Nevada. In that letter, petitioners continued to assert frivolous and/or groundless arguments for why they are not liable for income taxes. Respondent did not allow petitioners a face-to-face meeting.

On August 6, 2004, respondent issued petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, in which the settlement officer sustained the proposed levy to collect petitioners' unpaid 1997 tax liability. Petitioners filed a petition for lien and levy action on September 13, 2004. Petitioners alleged that they were not provided with a hearing under section 6330.

At trial, petitioners continued to make frivolous and/or groundless arguments that they are not liable for Federal income tax. Respondent sought sanctions under section 6673.

## Discussion

### I. Determination To Proceed With Collection

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect such tax by levy upon property belonging to such person. Pursuant to section 6331(d), the Secretary is required to give the taxpayer notice of his intent to levy and within that notice must describe the

administrative review available to the taxpayer, before proceeding with the levy.  See also sec. 6330(a).

Section 6330(b) describes the administrative review process, providing that a taxpayer can request an Appeals hearing with regard to a levy notice.  At the Appeals hearing, the taxpayer may raise certain matters set forth in section 6330(c)(2), which provides:

>      SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
>         *    *    *    *    *    *    *
>      (2) Issues at hearing.--
>
>         (A)  In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
>              (i)  appropriate spousal defenses;
>
>              (ii)  challenges to the appropriateness of collection actions; and
>
>              (iii)  offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>
>         (B)  Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Pursuant to section 6330(d)(1), within 30 days of the issuance of the notice of determination, the taxpayer may appeal that determination to this Court if we have jurisdiction over the underlying tax liability. Van Es v. Commissioner, 115 T.C. 324, 328 (2000).

Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's administrative determinations, we have stated that, where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000). Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, supra; Goza v. Commissioner, supra.

Petitioners received the notice of deficiency for the 1997 tax year. Accordingly, they cannot challenge their underlying liability. See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183. Therefore, we review respondent's determination for an abuse of discretion. See Sego v. Commissioner, supra at 610.

Petitioners state in their petition that they were denied their right to a face-to-face hearing as provided in section 6330. We have held that it would be unproductive and thus unnecessary to remand a case for a face-to-face hearing if petitioners merely want to advance frivolous arguments. See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Stephens v. Commissioner, T.C. Memo. 2005-183; Balice v. Commissioner, T.C. Memo. 2005-161.

In numerous letters to respondent, in their petition, and at trial, petitioners argued that they had no income and were not liable for income taxes. Petitioners also argued that they received no valid notice of deficiency because the notice that they received was not signed by the Secretary of the Treasury. These arguments are characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.[2] Michael v. Commissioner, T.C. Memo. 2003-26; Knelman v. Commissioner, T.C. Memo. 2000-268, affd. 33 Fed. Appx. 346 (9th Cir. 2002). Because petitioners insisted upon making only these frivolous arguments, we decline to remand this case to respondent so that petitioners may have a face-to-face hearing.[3]

---

[2] Petitioners made these arguments in filings and at trial even though the underlying tax liability was not properly an issue in this case.

[3] Respondent offered petitioners a face-to-face hearing if petitioners raised any meaningful issue regarding the proposed
(continued...)

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  See Rule 331(b)(4). Accordingly, we sustain respondent's determination to proceed with collection.

II.  Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in proceedings or instituted the proceedings primarily for delay.  In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty pursuant to section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous and/or groundless positions in such actions. A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673

³(...continued)
levy.  Petitioners, however, continued to make only frivolous and/or groundless tax-protester arguments.

penalty upheld because taxpayer should have known claim was frivolous).

Furthermore, we have warned these petitioners of the possible consequences of advancing frivolous arguments in this Court.  In a previous appearance before this Court, petitioners made similar frivolous tax-protester arguments.  They were warned that if they brought the arguments to this Court again, a penalty would be imposed.[4]

In the petition and at trial, petitioners raised frivolous arguments and contentions that we have previously rejected and which we conclude were interposed primarily for delay.  This has caused the Court to waste limited resources.  Accordingly, we shall impose a penalty of $5,000 pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[4] Petitioners were previously before this court making the same frivolous arguments regarding their 1998 income tax liability.  <u>Ball v. Commissioner</u>, docket No. 1066-04L.