ARNOLD BRUCE WINSLOW, PETITIONER *v*. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 18177–11.        Filed September 25, 2012.

P filed no tax return for either 2005 or 2006. R prepared
substitutes for returns and issued notices of deficiency for
those years. P principally argues that he is not liable for the
deficiencies because the individuals who prepared the sub-
stitutes for returns and issued the notices of deficiency were
not delegated authority to do so. R also determined additions
to tax for failure to timely file a return and failure to timely
pay tax due and asks that we sanction P for making frivolous
arguments.

1. *Held*: The individuals who certified the substitutes for
returns and issued the notices of deficiency had the delegated
authority to do so; generally, intervening line supervisors
enjoy the same delegated authority as their specifically dele-
gated subordinates.

2. *Held*, *further*, additions to tax are sustained.

3. *Held*, *further*, P is sanctioned for maintaining frivolous
positions.

Arnold Bruce Winslow, pro se.

*Mayer Y. Silber* and *Robert M. Romashko*, for respondent.

HALPERN, *Judge*: By notices of deficiency dated May 9,
2011 (notices), respondent determined deficiencies in, and

270

additions to, petitioner's 2005 and 2006 Federal income tax as follows: [1]

*Additions to tax*

| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
|------|-----------|-----------------|-----------------|
| 2005 | $2,706 | $479 | $532 |
| 2006 | 2,491 | 441 | 461 |

Petitioner assigned error to those determinations, averring only: "The true amount of the tax and interest and penalties owing is $0.00." Petitioner did not, as required by our standing pretrial order, file a pretrial memorandum, which, among other things, would have described his view of the issues in the case. From his testimony at trial, we understand petitioner's principal objections to respondent's determinations to be that the determinations are not based on properly made substitutes for returns and that the notices are invalid because improperly issued. At trial, respondent moved for the imposition of a sanction against petitioner under section 6673(a)(1), which, as pertinent, empowers us to sanction a taxpayer on account of instituting or maintaining a proceeding primarily for delay or for maintaining a frivolous or groundless position.

Petitioner bears the burden of proof. *See* Rule 142(a), Tax Court Rules of Practice and Procedure. [2]

### FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Illinois.

During 2005 and 2006 (the years in issue), petitioner was employed by Dell Medical Corp. and, in return for his services, received compensation from it of $28,630 and $27,529 for those years, respectively. During the years in issue, he also received dividend payments of $24 and $28 for those years, respectively. Because for the years in issue he received no income tax returns from petitioner, respondent, using

---

[1] Section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue.

[2] Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. In any event, sec. 7491(a) does not apply here because petitioner has not shown that he has satisfied the preconditions for its application. *See* sec. 7491(a)(2).

information returns he received from third parties, made returns (substitutes for returns) for petitioner. In part, the substitutes for returns consist of an Internal Revenue Service (IRS) Form 13496, IRC Section 6020(b) Certification, executed in each case by Maureen Green, whose title is stated on the form to be "Operations Manager, Examination". Ms. Green, whose title now may be program manager, is employed by the IRS in its Ogden, Utah, Service Center. She is a supervisory employee who supervises Small Business/Self Employed Division (SB/SE) compliance officers. The notices followed the substitutes for returns, each notice being executed for the Commissioner by Henry Slaughter, under whose signature appeared the designation "Service Center, Ogden Service Center". Mr. Slaughter's position in the service center is "Director, Collection Area-Western", and he serves as one of several field directors of SB/SE's collection activities.

OPINION

## I. *Introduction*

Although petitioner's objections to respondent's determinations concern principally procedural aspects of those determinations, he did at trial argue that the compensation and dividends he received were not taxable. The short answer is that compensation for services and dividends are items of gross income and, as such, are taxable. *See* sec. 61(a)(1), (7). Petitioner's arguments to the contrary—i.e., that he is not an employee under the Internal Revenue Code unless he works for a controlled group of corporations; the attribution rules applicable to farming corporations bring into question the taxability of dividends generally—are nonsense and require no further discussion. *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); *see also Wnuck v. Commissioner*, 136 T.C. 498 (2011). Petitioner had sufficient gross income for the years in issue that, for each year, he was required to file a Federal income tax return. *See* sec. 6012(a)(1).

II. *Delegation of Authority*

Petitioner argues that the substitutes for returns were not properly made because the individual certifying them, Ms. Green, had not been delegated the authority to do so. Likewise, he argues that the notices were invalid because the individual executing them, Mr. Slaughter, had not been delegated the authority to do so.

The Secretary is responsible for collecting the taxes imposed by the internal revenue laws of the United States. *See* sec. 6301. Because one individual cannot be responsible for so much, Congress has enacted statutes authorizing the delegation of that authority. The delegation of authority is contained in a clear line of statutory provisions. With respect to substitutes for returns, section 6020(b)(1) provides: "If any person fails to make any return required by any internal revenue law or regulation * * * the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise." With respect to deficiencies in tax determined by the Secretary, section 6212(a) authorizes him to send notice of the deficiency to the taxpayer. The term "Secretary" is defined as meaning "the Secretary of the Treasury or his delegate." Sec. 7701(a)(11)(B). The term "'or his delegate' * * * when used with reference to the Secretary of the Treasury, means any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context". Sec. 7701(a)(12)(A)(i).

Delegation Order 5–2, set forth in Internal Revenue Manual (IRM) pt. 1.2.44.3 (May 5, 1997), delegates to specific agents and managers, including SB/SE tax compliance officers, the authority to "prepare or execute returns required by any internal revenue law or regulation when the person required to file such return fails to do so." Delegation Order 4–8, set forth in IRM pt. 1.2.43.9 (Feb. 10, 2004), delegates to specific managers, case leaders, reviewers, and directors, including SB/SE field directors, the authority to "sign and send to the taxpayer by registered or certified mail any notice of deficiency."

Ms. Green was authorized to prepare and execute the substitutes for returns. While her position is not among those specified in Delegation Order 5–2 as being delegated authority to prepare substitutes for returns, she supervises SB/SE tax compliance officers, who are specifically delegated that authority by Delegation Order 5–2. With respect to the delegation of authority to those in intervening positions (i.e., in positions between the delegating official and the delegated official), IRM pt. 1.11.4.4.1 (1)(A) (Oct. 10, 2008) states the following general rule: "Every intervening line supervisory position up to and including the Commissioner has the same authority." Because we are satisfied that Ms. Green is in an intervening line supervisory position with respect to SB/SE tax compliance officers, who are delegated authority to prepare and execute substitutes for returns, we are satisfied (and find) that she had authority to prepare and execute the substitutes for returns. While provisions of the IRM are generally considered not to have the force of law, *e.g.*, *Fargo v. Commissioner*, 447 F.3d 706, 713 (9th Cir. 2006) (citing cases from five other U.S. Courts of Appeals), *aff'g* T.C. Memo. 2004–13; *accord Vallone v. Commissioner*, 88 T.C. 794, 807–808 (1987), we think that in this instance the IRM reasonably interprets the delegation authority of the Secretary.

Mr. Slaughter was authorized to issue the notices. Mr. Slaughter's position is "Director, Collection Area—Western"; he "serves as one of several field directors of SB/SE's collection activities". Delegation Order 4–8 specifically delegates the authority to issue notices of deficiency to SB/SE field directors. Mr. Slaughter was delegated that authority.

The substitutes for returns were properly made and executed, and the notices were properly issued.

III. *Section 6651(a)(1) Additions to Tax*

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to timely file a return (determined with regard to any extension of time for filing) unless the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a max-

imum addition of 25% for returns more than four months delinquent. *Id.* With respect to both the section 6651(a)(1) and (2) additions to tax, respondent bears the burden of coming forth with evidence that imposition of the addition is appropriate. *See Higbee v. Commissioner*, 116 T.C. 438, 446–447 (2001); *see also* sec. 7491(c).

Respondent's account transcripts for petitioner for the years in issue indicate that he filed no Federal income tax returns for those years, and that is sufficient for us to find, and we do, that petitioner filed no return for either year. *See, e.g.*, *Green v. Commissioner*, T.C. Memo. 2007–262, 2007 WL 2783107, at *5–*6. Respondent has met his burden under section 7491(c) to produce evidence that imposition of the section 6651(a)(1) addition to tax for failure to timely file a return is appropriate. *See Higbee v. Commissioner*, 116 T.C. at 447. Petitioner has not come forth with evidence that his failure to file was due to reasonable cause and not due to willful neglect. Consequently, we find that petitioner is liable for the additions to tax under section 6651(a)(1).

IV. *Section 6651(a)(2) Additions to Tax*

Section 6651(a)(2) imposes an addition to tax when a taxpayer fails to pay the amount of tax shown on a return by the prescribed date unless the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 0.5% of the tax for each month or fraction thereof during which the tax remains unpaid, up to a maximum addition of 25%. Under section 6651(g)(2), a substitute for return prepared pursuant to section 6020(b) is treated as the taxpayer's return for purposes of section 6651(a)(2).[3]

Petitioner filed no return for either of the years in issue, and respondent properly made substitutes for returns for him. Petitioner has not paid the tax shown on those substitutes for returns. Respondent has, therefore, met his burden under section 7491(c) to produce evidence that imposi-

---

[3] We note in passing that, while a properly made substitute for return is necessary before a sec. 6651(a)(2) addition to tax for failure to pay the tax shown on return can be imposed on a nonfiler, a substitute for return is not a prerequisite to the Commissioner's determining a deficiency in tax. *E.g.*, *Roat v. Commissioner*, 847 F.2d 1379, 1381–1382 (9th Cir. 1988) ("Deficiency procedures set out in the Internal Revenue Code * * * do not require the Commissioner to prepare a return on a taxpayer's behalf before determining and issuing a notice of deficiency."); *accord Watson v. Commissioner*, T.C. Memo. 2007–146, *aff'd*, 277 Fed. Appx. 450 (5th Cir. 2008).

tion of the section 6651(a)(2) addition to tax for failure to timely pay tax shown on a return is appropriate. *See Tilley v. Commissioner*, T.C. Memo. 2009–83. Petitioner has not come forth with evidence that his failure to pay was due to reasonable cause and not due to willful neglect. Consequently, we find that petitioner is liable for the additions to tax under section 6651(a)(2).

## V. *Section 6673(a)(1) Penalty*

In pertinent part, section 6673(a)(1) provides for a penalty of up to $25,000 if the taxpayer has instituted or maintained proceedings before the Tax Court primarily for delay or the taxpayer's position in the proceeding is frivolous or groundless. We described as nonsense petitioner's arguments that the compensation and dividends he received were not taxable. "The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate." *Takaba v. Commissioner*, 119 T.C. 285, 295 (2002). "A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law." *Goff v. Commissioner*, 135 T.C. 231, 237 (2010). Petitioner's nonsensical arguments are, within that definition, frivolous. Moreover, we suspect that, in part, petitioner brought this proceeding in order to delay the collection of income tax due and owing. Principally for making frivolous arguments, we impose upon him a penalty under section 6673(a)(1) of $2,500.

## VI. *Conclusion*

For the foregoing reasons, petitioner is liable for the deficiencies, section 6651(a)(1) additions to tax, and section 6651(a)(2) additions to tax. Additionally, we impose a penalty on petitioner pursuant to section 6673(a)(1).

> *An appropriate order and decision will be entered.*