FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH R. BANISTER, | No. 11-15961 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-02764-JW |
| v. | |
| UNITED STATES DEPARTMENT OF THE TREASURY; TIMOTHY F. GEITHNER, in his official capacity as Secretary of Treasury, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted November 8, 2012[**]
San Francisco, California

Before: FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Joseph R. Banister appeals from the decision of the United States District Court for the Northern District of California affirming the Secretary of the Treasury's decision to disbar Banister from practice before the Internal Revenue Service (IRS). Banister admitted to advising clients that they were not liable for income taxes based on his belief that the Sixteenth Amendment was not properly ratified and his understanding that Section 861 of the Internal Revenue Code, 26 U.S.C. § 861, and the regulations thereunder ("Section 861") exempted the clients from having to pay income taxes. He also admitted to signing a client's tax returns as the returns' preparer when the returns stated that the client was not liable for income taxes under Section 861. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Banister alleges first that the administrative law judge (ALJ), in a decision upheld by the Secretary of the Treasury, erred in determining that Banister's conduct was willful, and disregarded evidence that was relevant to this determination. We find no error. Even if a good faith belief in an incorrect understanding of tax law can serve as a defense to an allegation of willfulness in this context, it was not error to determine that Banister's violations were willful. Banister is correct that, in *Cheek v. United States*, the Supreme Court rejected the view that "a good-faith misunderstanding of the law or a good-faith belief that one

2

is not violating the law, if it is to negate willfulness, must be objectively reasonable." 498 U.S. 192, 201 (1991). But the Court went on to distinguish between "innocent mistakes caused by the complexity of the Internal Revenue Code," on the one hand, and positions that "reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable," on the other. *Id.* at 205. With regard to the latter category, the Court held that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness." *Id.* at 206. Violating a tax statute because one believes the statute is invalid constitutes a"refus[al] to utilize the mechanisms provided by Congress to present . . . claims of invalidity,"and the state of mind behind such a refusal does not offer a defense to willfulness. *Id.*

Banister's position that the Sixteenth Amendment was not properly ratified is a belief about the validity of the tax statutes, and therefore, it is irrelevant to the question of willfulness whether or not he held this belief in good faith. All the government needed to show was that Banister "refuse[d] to utilize the mechanisms provided by Congress" to present his claims. *Id.* The government has shouldered this burden. Therefore Banister "is in no position to claim that his good-faith belief about the validity of the [Sixteenth Amendment] negates willfulness." *Id.*

3

Banister's Section 861 position is "a case in which there is no claim that the provision at issue is invalid," and therefore the government must show that, despite his professed beliefs, Banister was "aware that the law impose[d] a duty upon him" and did not simply make "an innocent mistake[]." *Id.* at 201–02, 205. In this context, Banister reads *Cheek*'s prohibition against considering the reasonableness of a professed good-faith belief too broadly. *Cheek* only narrowly prohibited the judge from "[c]haracterizing a particular belief as not objectively reasonable" and "transform[ing] the inquiry into a legal one," taking the issue away from the finder of fact. *Id.* at 203. Here, the ALJ also functioned as factfinder, and so under *Cheek* was free to consider the reasonableness of the asserted beliefs and "consider them to be nothing more than simple disagreements with known legal duties imposed by the tax laws." *Id.* at 203-04.

As Banister's extensive research into Section 861 surely revealed, his position has been universally dismissed by our court system. *See, e.g.*, *Solomon v. Comm'r*, 66 T.C.M. (CCH) 1201 (1993) (finding a taxpayer's tax avoidance argument was "not bolstered by the regulations under section 861," and sanctioning the taxpayer for making frivolous arguments including the Section 861 argument offered by Banister), *aff'd by unpublished order*, 42 F.3d 1391 (7th Cir. 1994). We view this universal dismissal of Banister's Section 861 position,

4

coupled with his experience at the IRS and extensive research, as clear evidence that Banister's Section 861 position is a "simple disagreement[] with known legal duties" and not merely an "innocent mistake[]," thus undermining his claim regarding good-faith belief. The ALJ therefore did not err in rejecting this position as unreasonable and finding that Banister committed willful violations.

Banister also alleges that the ALJ erred and violated his due process rights by (1) finding the IRS pleadings sufficiently particularized; (2) denying Banister's discovery requests; (3) denying Banister an evidentiary hearing on the merits and granting summary judgment; (4) prohibiting Banister from testifying; (5) denying Banister's right to cross-examine the witnesses against him; and (6) excluding allegedly exculpatory witness testimony. None of these assertions have merit. With regard to the IRS pleadings, the complaint satisfied the requirements set out

5

in 31 C.F.R. § 10.62,[1] providing Banister with an opportunity to prepare a defense by specifying the facts and law constituting the basis for the proceeding.

Banister admitted to conduct that qualifies as disreputable behavior under 31 C.F.R. § 10.50, rendering him eligible for disbarment under 31 C.F.R. § 10.70. Specifically, by advising clients that they did not have to pay taxes based on positions that he could not in good faith have believed to be consistent with the law, Banister violated 31 C.F.R. §§ 10.51(d), 10.51(j), 10.22(b), and 10.22(c). By signing a client's tax returns as preparer even though he knew the positions advanced in support of the returns did not have a realistic possibility of being sustained and were frivolous, Banister also violated 31 C.F.R. § 10.34. In light of Banister's admissions, there were no material facts in dispute, and the legal

---

[1]Many of the regulations in Title 31, Subtitle A, Part 10 of the Code of Federal Regulations, also known as "Circular 230," were revised in July 2002 and then again in September 2007. Under the savings provision of the September 2007 revised regulations, 31 C.F.R. § 10.91, the September 2007 revisions have no impact on Banister's case because both the conduct in question and the institution of the proceedings occurred prior to September 26, 2007. Under the savings provision of the July 2002 revised regulations, 31 C.F.R. § 10.91, only Subparts D and E, respectively covering 31 C.F.R. §§ 10.60 through 10.82 and 31 C.F.R. §§ 10.90 through 10.93, of the July 2002 revised regulations apply to Banister's case because the conduct in question occurred prior to July 26, 2002 but the proceedings were not instituted until after that date. All citations in this disposition to sections of Circular 230, other than citations to Subparts D and E, refer to the regulations in effect prior to the July 2002 revisions. Citations to Subparts D and E refer to the July 2002 revised regulations.

conclusions were apparent based on the settled facts.  Summary judgment was thus wholly appropriate, and no evidentiary hearing was needed.  With the material facts settled, the ALJ did not err by refusing to grant extraneous requests for discovery, witness testimony, or cross-examination.

AFFIRMED.