T.C. Memo. 2015-10

UNITED STATES TAX COURT

JOSEPH R. BANISTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30500-12.                            Filed January 12, 2015.

Joseph R. Banister, pro se.

<u>Mark H. Howard</u> and <u>Skyler K. Bradbury</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies and additions to tax or penalties as follows:

[*2]

| Year | Deficiency | Additions to tax/penalties | | |
|------|-----------|------------------|------------|------------|
| | | Sec. 6651(a)(2) | Sec. 6651(f) | Sec. 6654 |
| 2003 | $48,362 | $12,090.50 | $35,062.45 | $1,247.81 |
| 2004 | 60,685 | 15,171.25 | 43,996.63 | 1,739.07 |
| 2005 | 43,214 | 10,803.50 | 31,330.15 | 1,733.35 |
| 2006 | 27,525 | 6,881.25 | 19,955.63 | 1,302.61 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issue for decision is whether petitioner's failure to file returns for each year was fraudulent.

## FINDINGS OF FACT

Some of the facts have been deemed stipulated under Rule 91(f). Petitioner resided in Nevada at the time he filed the petition.

Petitioner's Background

Petitioner graduated from San Jose State University in 1986 with a bachelor's degree in accounting. Early in his career, petitioner worked in various positions in accounting, including three years at the firm KPMG, formerly KPMG Peat Marwick. He was licensed as a certified public accountant by California on February 1, 1991.

**[\*3]**    Petitioner was employed by the Internal Revenue Service (IRS) as a special agent in the Criminal Investigation Division from 1993 to February 1999.  In 1999 he authored a book entitled "Investigating the Federal Income Tax:  A Preliminary Report".  In the book petitioner presented a variety of arguments that he and other citizens were not obligated to pay Federal income tax for reasons including that such payment was voluntary, that the Sixteenth Amendment was not legally ratified, and that Government financing operations are unconstitutional.  Petitioner began providing tax consultation services, speaking at conventions throughout the country, operating Web sites, and selling books, CDs, and DVDs setting forth his views on income tax and the Internal Revenue Code.

On March 19, 2003, the Director of the Office of Professional Responsibility (OPR) of the U.S. Department of the Treasury filed a complaint initiating proceedings to bar petitioner from practicing before the Internal Revenue Service for disreputable conduct in violation of Circular 230, specifically 31 C.F.R. secs. 10.22(b) and (c), 10.34, and 10.51(d) and (j) (2003).

During the course of the proceedings commenced by the OPR, petitioner admitted that he had advised taxpayers that they were not liable for income taxes for reasons including that the Sixteenth Amendment was not legally ratified and

**[*4]** that section 861 and related regulations defined "source of income" in a way to exclude domestic income of U.S. taxpayers.

In an amended complaint filed October 21, 2003, the OPR asserted petitioner's failure to file Federal income tax returns for 1999, 2000, 2001, and 2002 as additional grounds for disbarment or suspension. The OPR then moved for summary judgment, which was granted by an administrative law judge on November 24, 2003. The order granting the motion for summary judgment refuted petitioner's section 861 and Sixteenth Amendment arguments as among those that "courts have considered long ago and rejected as frivolous" and found that petitioner (respondent in that proceeding) could not assert those arguments in good faith.

Petitioner was disbarred from practice before the IRS by a decision issued December 24, 2003. In that decision the administrative law judge concluded that petitioner's advice to taxpayers, as alleged in the complaint, constituted disreputable conduct. In a subsequent administrative appeal within the IRS Office of Chief Counsel, that decision was affirmed June 25, 2004, by a Decision on Appeal that reviewed numerous authorities showing that petitioner had advised taxpayers to rely on frivolous positions. The findings of the administrative law judge on the amended complaint were vacated because the record did not establish

**[\*5]** that petitioner had the level of gross income giving rise to the return-filing requirement. The order disbarring petitioner was affirmed, however, because the allegations concerning his advice to clients were sufficient to establish disreputable conduct.

Petitioner filed a complaint in the U.S. District Court for the Northern District of California under the Administrative Procedure Act seeking review of his disbarment from practice before the IRS. Banister v. U.S. Dep't of the Treasury, No. 5:10cv02764 (N.D. Cal. filed June 24, 2010). His claims were rejected on March 10, 2011, by the District Court and on November 23, 2012, by the Court of Appeals for the Ninth Circuit. Banister v. U.S. Dep't of the Treasury, 499 Fed. Appx. 668 (9th Cir. 2012). The Court of Appeals described his section 861 argument as "universally dismissed by our court system." Id. at 670. The Court of Appeals rejected petitioner's arguments that his "good faith belief" in his positions was a defense to disbarment by the OPR and that the administrative proceedings violated his due process rights.

Petitioner's certified public accountant's license was revoked by the California Board of Accountancy in 2007 because of the conduct that led to his disbarment from practice before the IRS. Petitioner filed unsuccessful challenges

[*6] to that decision with the California Court of Appeals, the California Supreme Court, and the U.S. Supreme Court.

Petitioner's Income and Respondent's Determination

During 2003, 2004, 2005, and 2006, petitioner earned income from his tax consultation services, speeches, book sales, and other business activities promulgating his views of the Federal income tax system. In 2006 he received $71,497 in nonemployee compensation. He deposited his income into six bank accounts over which he maintained control. He earned interest income on some of them. Deposits into those accounts totaled $280,270.01, $522,418.98, $247,666.61, and $118,608.72 for 2003, 2004, 2005, and 2006, respectively. Petitioner did not file Federal income tax returns or pay taxes for any of those years.

The IRS commenced an audit for petitioner's 2003 through 2006 tax years. Petitioner failed to submit for examination complete and adequate books and accounts for the years under audit. He resisted IRS efforts to obtain bank records through the use of summonses. The IRS ultimately prepared substitutes for returns under section 6020(b), determining petitioner's correct adjusted gross income for each year by the bank deposits analysis method. The IRS determined that taxable deposits into the six bank accounts were $143,607.46, $177,402.24, $130,502.24,

**[*7]** and $87,389.49 for 2003, 2004, 2005, and 2006, respectively. Those amounts were used in the statutory notice sent to petitioner.

OPINION

Petitioner's tax year 2002 was the subject of an earlier case in this Court that was decided in Banister v. Commissioner, T.C. Memo. 2008-201, aff'd, 418 Fed. Appx. 637 (9th Cir. 2011). In that case and during the course of administrative proceedings brought by the OPR and the California Board of Accountancy, petitioner never contended that he had filed returns or denied that he received income. He has proceeded on the basis of frivolous arguments about validity and applicability of the Federal income tax and procedural arguments patently intended to prolong litigation. The stipulation in this case also reflects collateral litigation involving petitioner's erroneous tax advice to others, but that litigation is not material to our conclusions here.

During the course of this case, petitioner did not deny receipt of the income determined in the statutory notice and did not identify deductions that had not been allowed. His arguments, his motions, his attempts to conduct discovery, and his cross-examination of respondent's witnesses at trial have been directed to his claim that the statutory notice was invalid because it was not signed by an authorized person and that, as a result, this Court lacks jurisdiction over his case.

[*8] In his pretrial memorandum he also asserted that his U.S. income was not subject to tax and that he had no obligation to file tax returns, repeating or restating the arguments that had led to his disqualification to practice before the IRS and his loss of his certified public accountant's license. Petitioner refused to testify at trial, citing his Fifth Amendment privilege against self-incrimination. Instead he submitted a "motion for offer of proof" that, to the extent intelligible at all, repeated and elaborated on his argument that his U.S. income was not subject to income tax.

Shortly before trial respondent filed a motion for leave to file out of time a motion for partial summary judgment on the validity of the statutory notice, but the motion was denied because it was too close to the trial date. See Rule 121(a). In the order denying leave, the Court noted that the motion was meritorious though untimely and that petitioner's arguments were frivolous and might result in a penalty under section 6673. At the conclusion of trial, respondent moved for a penalty under that section.

Courts have held consistently, in various contexts, that (1) a signature is not required on a notice of deficiency and that (2) provisions of the Internal Revenue Manual do not give rights to a taxpayer or affect the validity of a notice or this Court's jurisdiction. See, e.g., Selgas v. Commissioner, 475 F.3d 697, 699-700

**[*9]** (5th Cir. 2007); <u>Tavano v. Commissioner</u>, 986 F.2d 1389, 1390 (11th Cir. 1993), <u>aff'g</u> T.C. Memo. 1991-237; <u>Urban v. Commissioner</u>, 964 F.2d 888, 889 (9th Cir. 1992), <u>aff'g</u> T.C. Memo. 1991-220; <u>Ball v. Commissioner</u>, T.C. Memo. 2006-141, slip op. at 7.  Arguments concerning delegation of authority have been rejected and characterized as frivolous.  <u>See, e.g.</u>, <u>Winslow v. Commissioner</u>, 139 T.C. 270, 274, 276 (2012); <u>Ball v. Commissioner</u>, slip op. at 9 n.4.

Petitioner has a history of pursuing frivolous arguments and rejecting the conclusions of every agency or court that has considered them.  His argument that domestic income is not subject to Federal income tax has been restated by him in various filings, but the same conclusion has been rejected as frivolous in his administrative proceedings and in the Court of Appeals' opinion sustaining his disbarment by the OPR.  No further discussion of petitioner's stale theories is warranted.  <u>See</u> <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984).

We must decide, however, whether petitioner's failure to file returns for 2003 through 2006 was accompanied by an intent sufficient to sustain the section 6651(f) penalty.  Section 6651(f) provides a penalty of 75% of the amount required to be shown as tax on unfiled returns if the failure to file the returns is fraudulent.  In applying section 6651(f) to determine whether petitioner's failure to file tax returns was fraudulent, we consider the same elements considered in

**[\*10]** cases involving former section 6653(b) and present section 6663. See Clayton v. Commissioner, 102 T.C. 632, 653 (1994); Niedringhaus v. Commissioner, 99 T.C. 202, 211-213 (1992). The civil fraud penalty is a sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401 (1938). Respondent has the burden of proving fraud by clear and convincing evidence. See sec. 7454(a); Rule 142(b).

Bank deposits are prima facie evidence of income. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, 64 T.C. 651, 656-657 (1975), aff'd, 566 F.2d 2 (6th Cir. 1977). Proof of gross receipts in the amounts shown by the bank deposits analysis in this case is sufficient to satisfy respondent's burden of showing that petitioner had an obligation to file returns. See secs. 1, 6011, 6012.

Fraud may be proved by circumstantial evidence, and the taxpayer's entire course of conduct may establish the requisite fraudulent intent. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Circumstantial evidence of fraud includes "badges of fraud" such as those present here: a longtime pattern of failure to file returns, failure to report substantial amounts of income, failure to

**[\*11]** maintain adequate records, failure to cooperate with taxing authorities in determining the taxpayer's correct liability, and implausible or inconsistent explanations of behavior. See, e.g., Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), aff'g T.C. Memo. 1984-601; Powell v. Granquist, 252 F.2d 56, 60 (9th Cir. 1958); Grosshandler v. Commissioner, 75 T.C. 1, 19-20 (1980); Gajewski v. Commissioner, 67 T.C. 181, 199-200 (1976), aff'd without published opinion, 578 F.2d 1383 (8th Cir. 1978). Petitioner's education and experience are further evidence that he acted with fraudulent intent. See Scallen v. Commissioner, 877 F.2d 1364, 1370-1371 (8th Cir. 1989), aff'g T.C. Memo. 1987-412; Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984), aff'g T.C. Memo. 1982-603; Wright v. Commissioner; T.C. Memo. 2000-336, slip op. at 14.

The additions to tax for fraud have frequently been imposed on taxpayers like petitioner "who were knowledgeable about their taxpaying responsibilities * * * [and] consciously decided to unilaterally opt out of our system of taxation." Miller v. Commissioner, 94 T.C. 316, 335 (1990); see Niedringhaus v. Commissioner, 99 T.C. at 212, 217-219; Chase v. Commissioner, T.C. Memo. 2004-142; Tonitis v. Commissioner, T.C. Memo. 2004-60; Madge v. Commissioner, T.C. Memo. 2000-370, aff'd, 23 Fed. Appx. 604 (8th Cir. 2001);

[*12] <u>Greenwood v. Commissioner</u>, T.C. Memo. 1990-362.  Because petitioner refused to testify, he has shown no plausible nonfraudulent explanation for his behavior.  His arguments about the validity of the statutory notice are directed at events occurring long after the years in issue and do not reflect the relevant state of mind at the times his returns were due.  By the time that the return for each year in issue was due, petitioner was clearly on notice that his positions regarding taxable income and duty to file returns were frivolous.  His persistence in discredited arguments in the face of unanimous rulings by the courts negates good faith.  Thus he has offered no defense to the inference of fraudulent intent to be drawn from the circumstantial evidence and objective facts found.  Respondent's burden of proof has been satisfied.

Petitioner was warned of the possibility of a penalty under section 6673 if he persisted in his frivolous contentions.  He has presented neither evidence nor arguments showing a reasonable dispute as to the income, tax, penalties, or additions to tax determined in the statutory notice.  Under these circumstances, section 6673(a)(1) provides for a penalty not in excess of $25,000 when proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position is frivolous or groundless.  Petitioner has been undeterred despite loss of his privilege to practice before the IRS, loss of his

[*13] license as a certified public accountant, and other losses in litigation. Adding a penalty to his substantial tax debt may not dissuade him. However, serious sanctions also serve to warn other taxpayers, particularly those that he purports to counsel, to avoid pursuing similar tactics. See Coleman v. Commissioner, 791 F.2d 68, 71-72 (7th Cir. 1986); Takaba v. Commissioner, 119 T.C. 285, 295 (2002). An award of $25,000 to the United States will be included in the decision to be entered here.

An order granting respondent's oral motion for a penalty under section 6673 will be issued, and

Decision will be entered

for respondent.