T.C. Memo. 2019-75

UNITED STATES TAX COURT

PAUL STAPLES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24524-15.                    Filed June 13, 2019.

Paul Staples, pro se.

<u>Jeffrey D. Heiderscheit</u> and <u>Brock E. Whalen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  In a notice of deficiency dated June 22, 2015, respondent determined a deficiency in petitioner's 2012 Federal income tax of $3,116 and additions to tax under section 6651(a)(1) of $701 and section 6651(a)(2) of $390.[1]

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue
(continued...)

**[\*2]** After concessions,[2] the issues for decision are whether petitioner: (1) has unreported self-employment income, (2) is liable for the addition to tax under section 6651(a)(1), and (3) is liable for a section 6673 penalty.

## FINDINGS OF FACT

Some of the facts have been deemed stipulated under Rule 91(f), and the stipulated facts are incorporated in our findings by this reference.

At the time the petition was timely filed petitioner resided in Texas. In 2012 petitioner earned income as an independent contractor with TVC Marketing Associates, Inc. (TVC). He failed to file his 2012 Federal income tax return or pay the tax due. Pursuant to section 6020(b), respondent prepared a substitute for return for 2012 using a Form 1099-MISC, Miscellaneous Income, issued by TVC to calculate petitioner's unreported income.[3] The Form 1099-MISC reported that TVC paid petitioner $18,954 of nonemployee compensation in 2012.

---

(...continued)
Code of 1986, as amended, in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2] Respondent conceded the addition to tax under sec. 6651(a)(2) in his Answering Brief.

[3] The return respondent prepared is not part of the record.

**[\*3]**   In the notice of deficiency respondent determined petitioner's nonemployee compensation to be $18,954 for 2012.  Respondent allowed petitioner $11,089 in adjustments, which included $1,339 for a self-employment income tax deduction, $5,950 for a standard deduction, and $3,800 for exemption deductions. Accordingly, respondent determined that petitioner's 2012 taxable income was $7,865.

Petitioner received the $18,954 reported on the Form 1099-MISC as commissions for services he provided customers on behalf of TVC.  Each commission was recorded as an advance payment or commission that was offset by a "debit" that TVC tracked.  As the customer associated with the advance commission and offsetting "debit" continued as a TVC customer and made payments to TVC, each "debit" would be gradually reduced.  Conversely, if a customer did not pay TVC, any remaining "debit" for that customer would reduce future commissions that TVC would pay to petitioner for services to other customers.  Petitioner was not obligated to repay to TVC any commissions that he received from TVC, and he never did repay TVC any commissions that he received.

[*4]                            OPINION

I. Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), in certain circumstances the burden of proof may shift from the taxpayer to the Commissioner, including unreported income identified on information returns. See sec. 6201(d); Portillo v. Commissioner, 932 F.2d 1128, 1133-1134 (5th Cir. 1991), aff'g in part, rev'g in part T.C. Memo. 1990-68. Petitioner has acknowledged that he received the payments from TVC in the amount reported, and we resolve the tax treatment of those payments on a preponderance of the evidence in the record. See Knudsen v. Commissioner, 131 T.C. 185, 189 (2008), supplementing T.C. Memo. 2007-340; Schank v. Commissioner, T.C. Memo. 2015-235, at *16.

II. Petitioner's Income

Section 61(a) provides that gross income generally includes "all income from whatever source derived, including * * * [c]ompensation for services, including fees, commissions, fringe benefits, and similar items". In addition, all self-employment income is subject to self-employment tax. See sec. 1401. Self-employment income includes any income derived by an individual from any trade

[*5] or business carried on by that individual.  See sec. 1402(a).  Work performed by an independent contractor is self-employment income subject to self-employment tax.  See, e.g., Jackson v. Commissioner, 108 T.C. 130, 133-134 (1997).

The record establishes, and petitioner concedes, that he received payments from TVC for services he provided as an independent contractor.  Petitioner also does not dispute the amounts he received from TVC.  He only disputes the legal characterization of the payments from TVC as taxable income (rather than a loan) and questions the validity and trustworthiness of the deficiency process in general.

First, petitioner argues that the payments he received from TVC for services he provided as an independent contractor are not taxable because Congress has not enacted a law making it mandatory for him as a U.S. citizen to either file a tax return or pay Federal income tax.  The arguments he offers in support of his position are incomplete, misleading, and misguided, and we will not dignify them further by analyzing each specific point in turn.  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); see also Wnuck v. Commissioner, 136 T.C. 498, 510-512 (2011) (adding that addressing frivolous

**[\*6]** arguments wastes time and resources and delays the assessment of tax);

Rowlee v. Commissioner, 80 T.C. 1111, 1120 (1983) (rejecting the taxpayer's

claim that he is not a "person liable" for tax); Ebert v. Commissioner, T.C. Memo.

1991-629 (rejecting the taxpayer's assertion that there is no section of the Internal

Revenue Code that makes a taxpayer liable for the taxes claimed), aff'd without

published opinion, 986 F.2d 1427 (10th Cir. 1993).

Second, we hold that the payments petitioner received from TVC are not

loans. Petitioner was never obligated to repay TVC for any payments that he

received, nor did he ever actually repay any amounts he received. Therefore, we

conclude that the $18,954 in payments petitioner received from TVC for services

performed as an independent contractor in 2012 are includable in his gross income

for 2012. We note that petitioner has not claimed that he incurred any self-

employment expenses in 2012, nor does the record support a deduction for self-

employment expenses.

## III. Validity of Notice of Deficiency

Petitioner's arguments regarding the validity of the notice of deficiency

center on the validity and trustworthiness of the deficiency process in general.

This Court has long held that we generally do not look behind the notice of

deficiency to question the procedures the Commissioner followed leading up to

**[*7]** the issuance of the notice. See, e.g., Greenberg's Express, Inc. v.

Commissioner, 62 T.C. 324 (1974).

We told petitioner that we do not look behind the notice of deficiency, but

he instead persisted in claiming frivolous defects, which we have rejected before.

See, e.g., id.; Davenport v. Commissioner, T.C. Memo. 2013-41, at *4 (rejecting

similar arguments regarding alleged procedural and legal defects including

information and codes allegedly missing from taxpayer's "Individual Master

File"). We do so again now.[4]

## IV. Addition to Tax Under Section 6651(a)(1)

Respondent determined that petitioner is liable for an addition to tax under

section 6651(a)(1) for failure to file his 2012 Federal income tax return timely.

The Commissioner bears the burden of production with respect to a taxpayer's

liability for additions to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C.

438, 446 (2001). Once the Commissioner carries the burden of production, the

taxpayer must come forward with persuasive evidence that the Commissioner's

---

[4] We do consider legitimate challenges to the determinations by respondent, including in particular determinations of unreported income based on information reporting, see Portillo v. Commissioner, 932 F.2d 1128, 1133-1134 (5th Cir. 1991), aff'g in part, rev'g in part T.C. Memo. 1990-68, but as noted above petitioner acknowledged that he received the amount reported by TVC.

**[*8]** determination is incorrect or that the taxpayer has an affirmative defense.  See

Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure

to file a return timely unless it is shown that such failure was due to reasonable

cause and not due to willful neglect.  See United States v. Boyle, 469 U.S. 241,

245 (1985).  A failure to file a Federal income tax return timely is due to

reasonable cause if the taxpayer exercised ordinary business care and prudence but

nevertheless was unable to file the return within the prescribed time, typically for

reasons outside the taxpayer's control.  See McMahan v. Commissioner, 114 F.3d

366, 369 (2d Cir. 1997), aff'g T.C. Memo. 1995-547; sec. 301.6651-1(c)(1),

Proced. & Admin. Regs.

Petitioner was required to file a return for 2012 and failed to do so.  See sec.

6012(a)(1)(A).  Petitioner failed to introduce any credible evidence showing that

he had reasonable cause for failing to file his 2012 return timely.  His only

arguments against his obligation to file a return are frivolous.  Accordingly,

respondent has carried his burden of production, and petitioner is liable for the

addition to tax under section 6651(a)(1).

**[*9]** V.  Section 6673 Sanction

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

Although respondent has not moved for imposition of a penalty, we warned petitioner in several orders before trial that this penalty might be imposed if he continued to advance his frivolous arguments.  We also warned petitioner at trial that we would take into account everything he said in his posttrial brief.  Notwithstanding that warning, petitioner's posttrial brief repeated the same rejected arguments.  Therefore, we will impose a penalty of $1,000 on him for continuing to advance his frivolous arguments.

We also warn petitioner that if he does not abandon his misguided and rejected positions--e.g., that he is not subject to tax or required to file returns--a greater penalty may be imposed in the future.  If this penalty does not dissuade him, imposing the penalty on him for his hardheaded persistence in making frivolous arguments to avoid his obligation to pay tax may serve as a warning to other taxpayers considering these or similar arguments.  See, e.g., Banister v.

[*10] Commissioner, T.C. Memo. 2015-10, at *12-*13, aff'd, 664 F. App'x 673 (9th Cir. 2016).

To the extent not addressed above, we have considered petitioner's remaining arguments, and we conclude that they also are frivolous and devoid of any basis in law. See Crain v. Commissioner, 737 F.2d 1417; Wnuck v. Commissioner, 136 T.C. 498.

To reflect the foregoing,

An appropriate order and decision will be entered.